## No. 9157.

### W. T. M. DICKSON vs. SAMUEL HYNES ET ALS.

In suits to uncover simulations the largest latitude is allowed in the reception of testimony.

A judicial mortgage will operate upon land acquired by the judgment debtor after the recording of the judgment as well as that owned before, notwithstanding the titles do not appear in his name but in that of others who hold for him.

Claims acquired by another after such recording of a judgment against the real owner are subordinated to that judgment, and cannot be satisfied until the judgment creditor has been paid in full.

If such creditor has paid the taxes upon the lands pending the litigation to prevent a sale of them, he is entitled to reimbursement of the sum thus paid along with his judgment, and in preference to any other claims.

APPEAL from the Eleventh District Court, Parish of Natchitoches.
Pierson, J.

---

Watkins & Scarborough for Plaintiff and Appellant.

Jack & Dismukes and M. J. Cunningham for Defendants and Appellees.

Merrick, Foster & Merrick on the same side.

---

The opinion of the Court was delivered by

MANNING, J. The plaintiff obtained judgment against Samuel Hynes in May 1880 for $1,776 with interest, and had it recorded in the same month. Execution having been issued thereon, there was a return of *nulla bona*. He then instituted this suit to subject to his judgment two tracts of land nominally owned by John T. Doxey, but which he charges are really the property of Hynes. He alleges that Doxey acquired one of these tracts from J. S. Stephens and the other from Meyer, Weis & Co., and that these vendors were merely persons interposed who held title for Hynes, and who conveyed to Doxey at Hynes' request, the object being fraudulently to place the property out of the reach of Hynes' creditors and thereby defeat the collection of the plaintiff's judgment. All these persons were made defendants.

Hynes pleaded the general issue pure and simple. Doxey avers that he acquired the lands for himself, paid his own money for them, and is the real *bona fide* owner of them. Stephens alleges that he bought with his own money and sold for a fair price to Doxey. Meyer, Weis & Co. answer that an act of sale was passed to Doxey by their agent Caspari for what they considered a legitimate profit, and was a *bona fide* transaction on their part. The lower court found that the conveyances to Doxey were simulations, and decreed that Dickson's judgment was exigible upon the lands, but that Doxey was entitled to receive in preference to Dickson $2,284.36 out of the proceeds of sale—that sum having been loaned by Doxey to Hynes or paid for him.

When the plaintiff obtained and recorded his judgment against Hynes, Doxey lived in Missouri. They were brothers in law. Doxey removed to Natchitoches parish in October 1881 and the conveyance from Stephens to him was made in January following. Stephens had bought the land in April 1881 by Hynes' request. Indeed Stephens was not present at the sale and Hynes bid it in for him, and Hynes

paid him or repaid him the price $690. Stephens says that Hynes was the only person he knew in the transaction, and that Hynes paid him a consideration for buying the property. There were only forty-seven acres of it. But it joined the larger tract that Doxey acquired from Meyer, Weis & Co. and both together made a plantation of five hundred acres which the plaintiff alleges to be worth nine thousand dollars.

Meyer, Weis & Co. through their agent Caspari bought this larger tract at the foreclosure of a mortgage thus. One Virginia Smith formerly held the title under a purchase by her for part cash and a larger part credit, for which her notes were given secured by mortgage. These mortgage notes were obtained by Hynes, the nominal ownership of them appearing in Meyer, Weis & Co. through Caspari their agent. The mortgage was foreclosed at Hynes' instance. The lawyer who conducted the proceedings was employed and paid by Hynes, and Caspari as agent of M. W. & Co. bought in the place on May 1, 1880, and thereafter transferred it to Doxey. In June following M. W. & Co. wrote Hynes agreeing to convey to him this plantation whenever he shall pay all his indebtedness to them and to Caspari. The firm say Hynes owed them nothing a month before this i. e. on May 1st, the day of sale. Their conveyance to Doxey was in fulfillment of their agreement with Hynes. Doxey was interposed to take title for Hynes.

We forbear reciting even in an abridged or condensed form the voluminous evidence that culminated in the uncovering of Hynes' tortuous methods to hide his real participation in the various transactions laid before the lower court. Exceptions were made to the reception of some of it, and bills were taken, but we approve the ruling below for the reason that the greatest latitude is permitted in the introduction of testimony where the object is to uncover simulation and to penetrate the disguises fraudulently adopted by a debtor to screen his property from his creditors. Gaidry v. Lyons, 29 Ann. 4.

The judgment decreeing the titles to Doxey to be simulations, and subjecting the lands to the plaintiff's judgment is correct, but we think the postponement of that judgment to Doxey's claim for money lent to Hynes is error.

Doxey invokes Wang v. Finnerty, 32 Ann. 94 as justifying this part of the judgment in his favour viz although the conveyances to him are simulations and void as sales, they may be good as a contract of security. This may be true, but it does not follow therefrom that this security should take precedence of Dickson's.

Dickson's judicial mortgage dates from May 1880. The Caspari purchase in Hynes' interest had been made shortly before. The Stephens

tract was bought for Hynes within a year after. Dickson's mortgage attached to them. If Doxey lent money afterwards to Hynes and took these conveyances to secure it, Dickson's mortgage primes the later one and should be first satisfied. Not only must it be first satisfied, but Dickson must also first receive out of the proceeds of sale $213 taxes paid by him in addition to the amount of his judgment. Hynes the real and Doxey the pretended owner refused to pay the taxes upon these lands, and they were about to be sold when Dickson paid them. He must recover what he has thus paid.

It is therefore ordered and decreed that the judgment of the lower court is affirmed so far as it adjudges the titles in controversy to be simulations, and authorizes the plaintiff to seize and sell the lands for the satisfaction of his judgment, and that in all other respects it is avoided and reversed. And it is further decreed that the plaintiff have judgment against the defendant Hynes and the lands for two hundred and thirteen dollars, amount of taxes paid by him, and that he is entitled to have this sum satisfied out of the proceeds of sale in addition to his former judgment, as well as the costs of the lower court and of this appeal which are hereby taxed against the defendants.

Rehearing refused.