## No. 7826.

### WIDOW CAROLINE TILTON vs. JOSEPH VIGNES ET AL.

The surety on an Injunction bond, against whom no damages were prayed for, or granted, in the lower court, is not a necessary party in this Court, and absence of citation of appeal to him is no cause of dismissal of the Appeal.

An Appeal shall not be dismissed when the Transcript is filed after the appeal Term, but within the extension of time granted by this Court.

Parties claiming the benefit of the Homestead law, must disclose and establish a clear case within its purview.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *Duffel*, J.

*Breaux & Hall* for Plaintiff and Appellee.

*N. St. Martin, J. Ad. Rozier* and *V. J. Rozier* for Defendants and Appellants.

#### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff and appellee moves to dismiss this appeal on two grounds:

First. The surety on the injunction bond was not cited to answer the appeal, which was by *petition*.

Second. The transcript was filed *after* the expiration of the term for appeals from the parish of St. Charles.

I. The plaintiff on giving bond arrested a writ of seizure and sale against her property, which she claimed to be exempt, as her *homestead.*

The seizing creditor, resisting the pretension of the plaintiff, claimed a dissolution of the injunction, with an infliction of damages upon *her.* He did not ask that the surety on the injunction bond be condemned in damages *also.*

After trial, the injunction was perpetuated. In his petition of appeal from the judgment rendered to that end, the defendant asked for citation, *merely* against the plaintiff, and did not include the surety in the prayer.

The judgment was signed more than a year ago, (September, 1879). It has since become definitive, and constitutes *res judicata* in favor of the surety, and cannot be disturbed by this Court, as to him.

The surety not having been condemned by the judgment, and being now beyond the reach of the appellant, is indifferent as to the result of the litigation, whether the judgment be affirmed or reversed, and has; therefore, no interest at stake in this Court. The appellee could not ask in the lower court that her surety be condemned in damages, and is precluded from forming a similar demand here.

Neither the appellant nor the appellee claim that the judgment which perpetuated the injunction, and which inflicted no penalty on the surety, be amended, so as to mulct him in damages. It cannot, therefore, be altered, as concerns him.

It is no reason, because the surety was not cited to answer, that the appeal should be dismissed, and that the judgment complained of, if erroneous, should thereby remain undisturbed, and so, practically, affirmed. 22 An. 242; 23 An. 260; 25 An. 319; 26 An. 552.

The suit can well be determined here between the plaintiff and the defendant, who are the only real actors, in the absence of the surety on the injunction bond, who has no concern in it. The judgment will bind them conclusively, but will not affect him.

II. The appeal was returnable to this Court on the third Monday of January, 1880. On a seasonable and satisfactory showing, the appellant obtained an extension of thirty days, within which the transcript was filed. There exists no cause of complaint. The delay allowed may have occasioned some disappointment to the appellee, but the rights of the appellant, to whom no fault was imputable, had to be safeguarded.

The motion is dismissed.

ON THE MERITS.

The questions presented are:

16

Was the property, claimed as a homestead, occupied as a residence by the debtor, plaintiff?

Was she in necessitous circumstances so as to assert the immunity?

Had she a person dependent upon her for support?

It is not claimed that those circumstances co-existed at the *date of the loan and of the mortgage* consented to secure reimbursement (March 2d, 1877); but it is insisted that they did *when the seizure* of the property was effected.

We had occasion twice to consider the spirit and letter of the homestead law relied upon (R. S. Secs. 1691, 1692; 32 An. 805, 979), and we recognized that it concedes an exemption in derogation of common right, which should be strictly construed. Parties who claim a dispensation under its protective pale, must disclose and establish a *clear* case within its purview. 21 An. 686; 32 An. 444.

We find no evidence in the record showing that the property was occupied as a residence by the plaintiff at the *date of the seizure.*

It appears from the testimony given by the deputy sheriff, charged with the execution of the writ, and who served the preliminary process, as well as from his return, which is of record, that the plaintiff *did not reside* on the place at the time; that he served the demand of payment on the plaintiff's daughter, at the place where the plaintiff *then* lived; that he served the notice of seizure on the plaintiff, who admits having received it. The demand was served on the 15th of January, 1879. The record does not contain the notice of seizure and its return; but there is an admission made in open court, that the writ of seizure was executed on the 22d of January, 1879. The sheriff testifies that when he seized the house it was closed, but that he found a colored woman living on the premises.

In his testimony a next neighbor declares that this woman resided on the property at the time of seizure; that the plaintiff did not reside on the place *previous* to the colored woman moving from the house, which was either on the 27th or 28th of January, as far as he knows.

The surety on the injunction bond, who is somewhat on terms of intimacy with the family, says that the plaintiff lived on the property *when* the injunction was sued out, *i. e.,* February 20th, 1879; that he cultivated the land for her account, but did not reside on it. He does not say that plaintiff occupied the property *previous* to the injunction, still less at the *time* of *seizure.*

The plaintiff testified. She says that she had leased the house to the colored woman up to January 1st, 1880; that she was anxious to occupy it; that she sent some effects there in December, 1879; that she *then* tried to move into it, but could not do so because the tenant would not move out of it; that as soon as the colored woman left the house,

she, the plaintiff, moved into it; that this was in the *first* part of January; that she resided on the place *before* she got the notice of seizure; that she believes the woman was in her house when the sheriff served the notice.

It is evident that the memory of the plaintiff failed her. It is clearly established that the demand was made on the 15th; that the seizure was executed on the 22d; that the tenant moved out on the 27th or on the 28th of January, 1880; that the plaintiff then moved in and occupied the house; that she was residing on it on the 20th of February following, when the injunction issued. It is contradictory and self-destructive.

It is, therefore, apparent that when the service of the preliminary process was made and when the seizure was effected, the plaintiff resided on the " Fee place," close by, but did not occupy as a residence the property now claimed by her as a homestead.

That the plaintiff was in penurious circumstances, and that her unfortunate daughter and grandchild were also in need and dependent upon her for support, there can be no question; but this cannot enhance her rights. Under the evidence and the law, we think that the plaintiff has not made out a case of exemption, and that the judgment perpetuating the injunction is erroneous. We do not think this a case for the allowance of damages.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and proceeding to render such judgment as should have been rendered,

It is ordered, adjudged and decreed that the injunction herein issued be dissolved, without damages, at plaintiff's costs in both courts; and that the execution of the writ of seizure and sale, enjoined, be proceeded with as the law provides.

Mr. Justice FENNER recuses himself, having been of counsel.