Denis vs. Gayle et al.

## No. 10,116.

### CHARLES A. DENIS VS. A. C. GAYLE ET AL.

The action of a creditor to have a judgment recognizing a homestead in favor of his judgment debtor, declared inoperative and void, for the reason that the conditions which were the motive of the judgment, have ceased to exist, must not be confounded with the action for the nullity of a judgment as provided in Section 3, chapter 5 of the Code of Practice.

Such an action rests on the principle that if anything should happen to destroy the force of a judgment, it will cease to have effect either against the parties or their heirs.

The debtor who claims a homestead under Act 52 of 1865 must combine in him at least three conditions : he must own the property, he must occupy it as a residence, and he must have a family dependent upon him for support. A judgment declaring a property as his homestead on those conditions will cease to have effect as soon as the conditions, or any one of them, cease to exist.

On proper showing such a judgment will be declared inoperative and avoided.

As soon as the judgment becomes inoperative, the judicial mortgages which had been properly inscribed against the owner of the property, recognized as his homestead, and which were dormant, become executory against the property even in the hands of a third possessor by virtue of a sale from the original owner.

The owner of a property exempt from seizure as his homestead cannot sell such property free of the mortgages inscribed against it before the sale. He has the legal right to sell the property, but it passes to the purchaser burdened with the judicial mortgages duly inscribed against the vendor.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupee. *Yoist*, J.

*Thos. H. Hewes* for Plaintiff and Appellee.

*W. W. Leake* for Defendants and Appellants :

A judgment, affirmed on appeal, recognizing a homestead right under Sec. 1691 *et seq.* R. S., constitutes *res judicata*.  35 Ann. 322, 917 ; 37 Ann. 223.

The district court cannot annul a judgment of the Supreme Court.  37 Ann. 341; 2 La. 9.

To the action of nullity none can be parties except those who were parties to the judgment sought to be annulled.  15 Ann. 273.

To annul a definitive judgment, plaintiff must allege that it has been obtained through fraud, or other ill-practices.  C. P. 607.

The action to annul a judgment is prescribed by one year.  32 Ann. 409 ; 31 Ann. 467 ; 29 Ann. 106 ; 28 Ann. 578.

A mortgage on property exempt under the homestead act cannot be enforced ; and the owner of such property may sell the same, free from the mortgage he has imposed on it.  29 Ann. 330.

The opinion of the Court was delivered by

POCH, J.    The main question presented for discussion in this case is to determine whether the owner of an immovable which has been judicially recognized as his homestead under the act of 1865 (Revised Statutes of 1870, Section 1691,) can sell such property free of judicial

mortgages duly inscribed against him in the parish wherein the property is situated.

Plaintiff, as the transferree of two judgments rendered against the defendant Gayle, seeks to enforce the judicial mortgage resulting therefrom against a tract of land and improvements thereon, now owned by the other defendant, J. L. Kingsbury, under a sale made to him in February, 1883, by Gayle, which property had been judicially declared to be exempt from seizure, as the latter's homestead in the suit entitled Ben Gerson & Son vs. A. C. Gayle, Wheeler and Pierson intervenors, reported in the 34th of Annuals, p. 337.

The relief which he prays for is a decree declaring that by reason, and as an effect, of the sale made by Gayle to Kingsbury, the judgment rendered in the suit above mentioned and reported in the 34th Annual, p. 337, had become inoperative and of no effect, and should, therefore, be avoided, and declaring further that the judicial mortgage resulting from the judgments herein above recited, inscribed before the date of said sale, attaches to and effects said property as having been acquired by Kingsbury subject to said mortgage.

Defendants first pleaded the following exceptions:

1. Want of jurisdiction in the district court to annul a judgment rendered by the Supreme Court.

2. The misjoinder of Kingsbury as a party to this suit, because he was not a party in the judgment sought to be annulled.

3. That the demand for nullity is inconsistent with an action to enforce a judicial mortgage.

4. Want of proper parties, because Ben Gerson and Wheeler and Pierson were necessary parties.

5. No cause of action, because the petition contains no allegation of fraud, error or ill-practice in connection with the judgment sought to be annulled, the correctness of which is not even questioned.

6. The prescription of one year.

Their exceptions having been overruled, defendants filed a general denial, reserving the benefit of their exceptions, and they now appeal from a judgment in favor of plaintiff.

At a glance of the exceptions filed by defendants, it appears that they are predicated on a misapprehension of the true nature of plaintiff's demand, and that they could apply only to an action of nullity under the provisions of Section 3, Articls 604 et seq. of the Code of practice, for causes existing previous to or contemporaneous with the rendition of the judgment sought to be annulled.

But, as suggested by defendants themselves in their fifth exception,

the present action involves no charge of fraud, error, ill-practice or other ground of nullity as characterizing the judgment to be herein discussed, at the time that it was rendered, or in any way connected with it at the date of its rendition. Plaintiff does not, in any manner, question the correctness of the judgment in its disposition of the issues then tendered to the Court for solution ; hence he does not put at issue the right of Gayle to his homestead as therein recognized under the conditions and circumstances then existing. His contention is simply that the reasons on which the judgment was founded, and from which it derived its vitality, having ceased to exist, the judgment itself having exhausted and completed its entire mission, has become extinct, without force or effect or life. The issues which he now tenders had no being or existence at the time that the judgment was rendered, hence they were no elements in the consideration of the cause, and therefore the judgment could not be *res adjudicata* as to his present cause of action, which has arisen since the rendition of the judgment, and is entirely disconnected with, or independent of, the state of the case then disposed of.

In the case of Lemunier vs. Mc.Cearley, 37 Ann. 133, which involved the contested custody of a child, and in which the defendant was met with a judgment entrusting her with such custody " temporarily or for the present," as an argument that she was thereby stripped of that right at the date of the case then on trial, this Court said : " The restriction in that judgment, whether right or wrong, could not and did not compel a like restriction in the judgment now before us under different conditions and state of facts, as we have shown, and whilst we may recognize it as *res adjudicata* as to the matters and issues there existing, it can have no legal effect upon those now shown in the instant case. For, as stated, we think there is no cause for any limitation or restrictions over the rights of the defendant touching the care and control of the child."

The same principle came under the consideration of this Court in the case of Davidson vs. the City of New Orleans, 32 Ann. 1248, in which the following conclusions were expressed : "It is easy to conceive, * * * and it is plain, that cases may arise in which causes, occurring subsequently to the rendition of judgments, may render their execution illegal and inequitable and violative of rights not within the contemplation of the Court when the judgment was rendered, and not intended to be foreclosed thereby." And in that opinion plaintiff's right to sue for a decree declaring a judgment previously rendered against her inoperative was recognized.

Denis vs. Gayle et al.

On the merits in the same case, reported in 34 Ann. 170, the nature of the cause was held to be " a suit to have that judgment declared inoperative, because of what has occurred since it was pronounced, and which could not have been pleaded *before* it was rendered." And sustaining plaintiff's contention the Court recognized the principle involved in her demand in the following language: " If the parties have appealed from the judgment and it is confirmed by the sentence of a competent superior tribunal, they shall be bound forever by it thereafter; yet if anything should happen to destroy its force, it will cease to have effect, either against the parties or their heirs."

It is on that principle that plaintiff's present action rests and on its strength his suit must be sustained, as unaffected by defendants' exceptions, which were properly overruled. Calvett vs. Williams, 35 Ann. 322.

---

## On the Merits.

The facts alleged by plaintiff are fully substantiated by the record, and hence the question to be discussed is purely one of law.

In support of their proposition that under the sale to Kingsbury, Gale's property, which had been judicially recognized as his homestead, passed free of the judicial mortgage resulting from the judgments in favor of Ben Gerson & Son and of Wheeler and Pierson, defendants rely almost exclusively on the decision rendered by our immediate predecessors in the case of Vanwickle vs. Landry, 29 Ann. 330. Such was the practical result of that decision. But in the opinion is to be found the following language: " It is conceded that a party, in whose favor a certain quantity of property has been adjudicated as exempt from seizure, may sell the exempted property, and his vendee would acquire a title, unincumbered by the mortgage granted before such adjudication." If, as the terms of the opinion seem strongly to indicate, the conclusion reached by the Court had been conceded by the parties, it is not a violent presumption to consider that the principle did not emanate from the Court, and that the *dictum* is not precisely a judicial precedent.

But be that as it may, the case is liable to just criticism, as having gone far beyond the plain scope of the homestead act of 1865. In another part of the same opinion the following declaration is made and is actually used as a consideration tending to the conclusion adopted by the majority of the Court: " If we cannot decree the enforcement of the mortgage now because of a legal obstacle, if the law

exempts the property from seizure so unqualifiedly that a mortgage voluntarily imposed on it by the debtor is held not to bind it, and if the exemption is so complete that the owner may convey the property by an unincumbered title, it would seem that no future contingency can revivify a mortgage thus declared extinct."

But a mere reference to the statute is sufficient to show that none of the premises of the proposition can find any sanction in its plain and unambiguous meaning; and that the act contains no language to justify even a suspicion of any legislative intent to impair or affect in any manner the existing laws of Louisiana on the binding force and effect of mortgages, either legal, judicial or conventional.

Hence, the provisions of law which declare that the judicial mortgage which results from the inscription in the proper office of a valid final judgment, takes effect and may be enforced against all the immovables which the debtor actually owns or may subsequently acquire have not been attested or otherwise impaired by the enactment of that statute. Civil Code, Art. 3328.

Its title is an act "To exempt from seizure and sale a homestead and other property," and in its body it purports or attempts to do nothing more.

The homestead which it exempts from seizure and sale is defined to be "one hundred and sixty acres of ground and the buildings and improvements thereon occupied as a residence and *bona fide* owned by the debtor, having a family, or mother or father, or person or persons dependent on him for support."

Under the plainest rules of construction the debtor who claims the exemption must combine in himself four indispensable conditions:

1. He must be the *bona fide* owner of the land.

2. He must occupy the premises as a residence.

3. He must have a family or person or persons dependent on him for support.

4. The property must not exceed in value two thousand dollars.

Numerous adjudications of this Court are authority for the assertion that the absence of any one of those conditions in the debtor will defeat his claim for exemption, and that to entitle him to the homestead all the conditions must co-exist at the very time that the claim is propounded. Tilton vs. Vignes, 33 Ann. 240; Gallagher vs. Payne, 34 Ann. 1057; Bossier vs. Sheriff, 37 Ann. 263.

Hence it follows that if subsequently to the judgment which recognizes the exemption, any one or all of the conditions which were

Denis vs. Gayle et al.

required to justify its rendition should cease to exist, the right to the homestead must fall.

Under a proper construction of the statute the judgment does not create a homestead, and under it the debtor does not acquire a vested right to the homestead. The judgment must be construed as a declaration of the co-existence of the conditions of the law which authorizes the exemption, and which must be understood as written in the judgment.

In the case of Culvitt vs. Williams, .35 Ann. 324, the Court said: "It is a judgment which the Court, by reason of its *continuing jurisdiction* over the subject matter, can revoke on a proper showing and thus render inoperative. No reservation of the power to that effect was necessary in the original decree. It exists and can be exercised as a matter of course."

Under the authority of our laws on the subject of judicial mortgages the legal effect of the two judgments now owned by plaintiff was a judicial mortgage against Gayle's property, now under discussion, from the moment that they were inscribed in the proper office; and the effect of the judgment which recognized his right to the same as a homestead was to suspend the execution of the judgment against that property, as long as the conditions under which the law granted the exemption continued to exist in fact and in law. The judicial mortgage which resulted from those judgments has the following effects:

1. "That the debtor cannot sell, engage or mortgage the same property to other persons to the prejudice of the mortgage which is already made to another creditor."

2. "That if the mortgaged thing goes out of the debtor's hands, the creditor may follow it in whatever hands it may have passed, in so much that the third possessor of it is obliged to pay the debt for which the thing is mortgaged, or to relinquish it to be sold, that the creditor may be paid out of the proceeds thereof." * * * Civil Code, Art. 3397.

Now, by the sale and delivery of the property to Kingsbury, Gayle became at once stripped of two of the essential conditions under which the property had been judicially declared to be his homestead. He then ceased to *own* it, and also to *occupy* it as a residence; and at that very moment the judicial mortgage which attached to it and which had not been cancelled or in the least impaired by the homestead judgment, followed the property as an incumbrance in the hands of the new owner. At the moment that the exemption ceased, the

mortgage, which had been only dormant, not extinct, became executory, with all its pristine force and vitality. Having severed all his connections with the property thus sold, Gayle could no longer extend over it a shield of protection in the shape of an exemption from seizure and sale, which was personal to himself.

His rights were then restricted to the proceeds of the sale, and these were not screened from the pursuit of his creditors under his homestead judgment. How then can it be argued that the land which had ceased to be his property could be shielded in the hands of a third person, under the effect of a judgment rendered inoperative by his own acts?

It is thus made manifest that the views expressed in the VanWickle case find no sanction in the fundamental principles of our laws; and an examination of all the subsequent decisions of this Court on the statute now under discussion shows that they all fairly antagonize the spirit of that decision, which can be considered as practically overruled.

The views expressed and the conclusion reached by the Court in the case of Chaffe & Son vs. McGehee & Co., 38 Ann. 278, squarely bear out this assertion and settle our jurisprudence adversely to the doctrine of the case in question.

The homestead law is therein expounded as follows: "Hence the homestead only exists *sub modo*, and  *  *  *  a mortgage will bind the debtor's property against everything but homestead rights, and *  *  *  though inoperatiue as long as the property is subject to the conditions constituting the homestead; it will become operative the moment those conditions cease to exist. Thus, a judicial mortgage, while inoperative against the pre-existing homestead, would unquestionably attach to the property when it ceased to be a homestead." *  *  * The decision in the case of Hardin vs. Wolf, 29 Ann. 333, which defendants invoke as sustaining the theory of the VanWickle opinion, cannot avail them, because that case was in terms and completely overruled in the decision of Nugent vs. Carruth, 32 Ann. 444, by the same Bench which had rendered both the VanWickle and the Hardin opinions; and thus the doctrine, since uniformly followed, which requires a strict construction of homestead and other exemption laws, was solidly consecrated.

All these considerations lead forcibly to the conclusion, adopted by the lower court, that the judgment which recognized the property now

in suit, as Gayle's homestead has since become inoperative, and that it should, therefore, be avoided, in so far as plaintiff's judicial mortgage is concerned, and that the property passed to the purchaser burdened with said mortgage.

Judgment affirmed.

### DISSENTING OPINION.

TODD, J.　Plaintiff is the transferee of two judgments against the defendant Gayle rendered in favor of Ben Gerson & Son and Wheeler & Pierson, respectively, and duly recorded in the mortgage office in the parish of Pointe Coupee, where certain immovable property of the judgment debtor was situated.

Ben Gerson & Son, before the transfer of their judgment to the plaintiff, attempted to enforce it against the said immovable property then in possession of Gayle, the debtor, but by a decree of this Court rendered on appeal, the property in question was declared to be the homestead of Gayle, and as such exempt from seizure. See Gerson vs. Gayle, 34 Ann. 337.

Subsequently to this decree Gayle sold the property to Kingsbury, his co-defendant, and by reason of this sale by the judgment debtor, and his removal therefrom, the plaintiff, as the owner of said judgments and subrogee of the judicial mortgages claimed to result from their inscription, seeks by this action to have the said decree of this Court, recognizing Gayle's homestead on the property, declared inoperative and void, and the property now legally subject to the mortgages ; and this presents the sole issue for our determination.

In the case of VanWickle vs. Landry, 29 Ann.330, it was expressly held (quoting):

" That a mortgage on property exempt under the homestead act cannot be enforced ; and the owner of such property may sell the same free from the mortgage he has imposed upon it."

In that case the property was declared free from a mortgage that the debtor himself had sought to impose upon it, and where the act of the debtor, in giving the mortgage, might have been reasonably construed as waiving the exemption under the homestead. *A fortiori* would the exemption apply to a mortgage not expressly consented, but resulting from the operation of the law.

If the property was free from the mortgage whilst it was occupied as a homestead, and if it was not inalienable—as was likewise held—

it would seem to follow as a logical sequence, that if sold, or when sold, it would be sold and acquired by the purchaser free of mortgages.

This decision has never been overruled. It is, however, claimed that the cases of Hardin vs. Wolf, 29 Ann. 333, and Chaffe & Sons vs. McGehee, 38 Ann. 278, are opposed to it.

The question determined in the first case mentioned was, whether the rights of homestead or the exemption thereunder could be waived; and whilst it was held that it could not be waived in advance by the debtor, yet we find in one of the concurring opinions delivered, it was expressly held that the property subject to it could be sold.

In the other case (Chaffe vs. McGehee) the debtor had abandoned the homestead and moved out of the State, but the title to the property still remained in him. It had never been sold or disposed of, and under these circumstances it was held that it was subject to seizure. This was a material condition which distinguished it from the instant case.

The question involved in the present litigation has, in my opinion, been settled, and settled adversely to the plaintiff.

Holding these views, I therefore dissent.