## No. 10,801.

### J. F. HAYDEN VS. SLAUGHTER, SHERIFF, ET AL.

1. When execution has once issued on a judgment, when the judgment debtor has made no opposition thereto, but has bid at the sale of property seized, and has become the purchaser thereof, his subsequent plea that the judgment does not authorize execution will not be considered.

25*

Although in a suit to revive a judgment the judgment debtor may plead extinction of the judgment by payment as a cause why the judgment should not be revived, his failure to do so will not estop him from setting up such payments as ground of injunction against an execution of the judgment. All other defenses than that of prescription continue against the judgment after, as before the revival.

3. In order to maintain the homestead exemption under the Act of 1865, it is an indispensable condition that the place should be "occupied as a residence" by the debtor at the time of seizure.

APPEAL from the Seventeenth District Court for the Parish of East Baton Rouge. *Buckner, J.*

*L. D. Beale* and *G. W. Burgess* for Plaintiff and Appellant:

1. Where the payment of a debt of a succession is secured by collateral security which the creditor neither attempts to collect nor deliver to the representative of the succession, and refuses to receive the money for the debt when tendered, he can not pursue the property of the executor and universal legatee which said property is claimed as a homestead.

2. This is strengthened by the further fact that in consideration of the payment of a sum of money he released his mortgage (and recourse) upon that homestead property and took a mortgage on other property.

3. A party entitled to and claiming a homestead is not obliged to live continuously on the homestead; he or they may leave it for health, business or pleasure, so that they act in good faith and without the intention of changing or abandoning the home. 37 An. 725, Burch vs. Sheriff.

4. The best evidence of intention to retain the homestead is when one resorts to judicial proceedings in good faith to retain it, as in this case.

*K. A. Cross* for Defendant and Appellee:

In whatever form the issue is presented, a judgment between parties properly in court is *res judicata.* 19 L. 318; 12 An. 197; 22 An. 162; 24 An. 104; 32 An. 537; 33 An. 411; 29 An. 291; 14 An. 798; 26 An. 236.

Injunction will not lie where the demand is barred by judgment. 33 An. 333; 21 An. 560; 16 L. 289; 6 An. 799; 31 An. 213.

And payment after judgment can not be set up. 5 An. 648; 6 An. 471; 10 An. 734; 14 An. 333.

A party setting up payments on a twelve months' bond is estopped from claiming that the judgment did not authorize execution. 2 An. 269, 927; 28 An. 107; 12 An. 445; 13 An. 286, 545; 22 An. 368; 28 An. 139; 30 An. 711; 15 An. 535; 31 An. 561; 26 An. 711; 30 An. 486; 32 An. 512, 979; 15 An. 684.

The homestead exemption can not be invoked by an executor. 37 An. 410; nor by one not residing on the property. 37 An. 263; 40 An. 290; nor can homestead under Constitution of 1879 be invoked against a debt originating in 1873. 32 An. 980; 34 An. 337; 38 An. 65; and the Act of 1865 protects farmers alone. 26 An. 646; 28 An. 575, 641.

The opinion of the court was delivered by

FENNER, J. The plaintiff enjoins the execution of a judgment rendered in 1873, and revived in 1883, assigning three grounds for the injunction, viz.:

1. That the original judgment of 1873 did not authorize an execution, and that the judgment of revival, in so far as it adds to or amends the original judgment, is unauthorized by law, and is null and void. The defendant responds that the judgment of revival is *res judicata* as to the whole relief granted, and can not be collaterally attacked. We do not find it necessary to pass on this point (which is not free from difficulty), because we think plaintiff is not in position to deny that defendant was entitled to execution on his original judgment. The terms of that judgment are somewhat obscure; but nevertheless, shortly after its rendition the defendant did issue execution thereon and seized property of plaintiff, who, not only made no opposition, but appeared at the sale made pursuant thereof and bought in the property under a twelve month's bond, which was subsequently released on partial satisfaction of the judgment. It is too late for him now to deny that the judgment authorized execution.

2. He pleads that the original judgment is reduced by payments made. The defendant opposes this plea on the ground that the payments should have been set up in the action to revive, and that, not having been so pleaded, the judgment of revival is *res judicata* against all defenses which might have been set up therein.

The authorities undoubtedly authorize the defendant in the action to revive to plead extinguishment of the judgment by payment or otherwise. Bell vs. Elder, 35 An. 1022; Folger vs. Slaughter, 33 An. 341; Marburg vs. Pace, 30 An. 1330; McStea vs. Brown, 29 An. 69. But they do not go so far as to hold that he is bound to make such pleas, or that he loses any valid defenses he might have against the original judgment by not pleading them in the suit to revive. On the contrary, the terms of the statute and the whole tenor of the authorities are to the effect that the sole purpose and effect of the revival proceeding are to prevent prescription and to revive and continue in force the original judgment unaffected by the lapse of time. Any other defenses, which were competent against the original judgment before revival, may be set up after revival, unless actually pleaded and determined in the suit to revive.

Thus we have held that the proceeding to revive is not a new suit,

but part of the original action; that the judgment of revival does not cure any defects of the original judgment, which may be urged after revival as before; that the writ of *fi. fa.* may issue either under the original judgment or under the judgment of revival; that the action to revive will lie notwithstanding the pendency of an appeal from the original judgment; that the timely reinscription of the original judgment preserves the mortgage without necessity of inscribing the judgment of revival. Scherrer vs: Carnega, 33 An. 314; Carroll vs. Seip, 25 An. 141; Marburg vs. Pace, 30 An. 1330; Arrowsmith vs. Durell, 21 An. 295; Walker vs. Hays, 26 An. 176; Folger vs. Slaughter, 33 An. 342; McStea vs. Rotchford, 29 An. 69.

On the whole, our conclusion is very clear, that the judgment of revival operates no estoppel against the pleading now of the payments which had been made on the original judgment. The payments are fully proved and are properly allowed.

3. The final ground is that the property seized is exempt from seizure as his homestead. As the exemption is claimed against a judgment rendered long prior to the Constitution of 1879, it is governed by the Homestead Act of 1865. Thomas vs. Guilbeau, 35 An. 927.

Under this Statute we have heretofore said: "The debtor who claims the exemption must combine in himself four indispensable conditions: (1) he must be the *bona fide* owner of the land; (2) he must occupy the premises as a residence; (3) he must have a family or person or persons dependent on him for support; (4) the property must not exceed in value $2000. The absence of any one of those conditions will defeat his claim for exemption, and to entitle him to the homestead all the conditions must coëxist at the very time that the claim is propounded." Denis vs. Gayle, 40 An. 290.

The evidence in this case does not establish that plaintiff occupies, or ever occupied, this property as a residence. His own statement shows that before he bought the property, and ever since, he has been employed by the lessees of the penitentiary in the city of Baton Rouge; that his duties require his time; that he only occasionally visits the place; that his wife, who is the only dependent member of his family, " has made her home with her son and other children most of the time," only occasionally going to the place. The only real resident on the place is the lady, whom he permitted to stay there and take care of it. We do not doubt that plaintiff contem-

plates ultimately to occupy the place as his residence, and would probably move there if he lost his situation in Baton Rouge; but it is clear as yet, it has never been " occupied by him as a residence," as required by the express terms of the law.

The case of Burch vs. Sheriff, 37 An. 725, wherein we held that temporary absences, *animo revertendi*, from an established home, for purposes of health, business or pleasure, does not vitiate the homestead, presents a very different state of facts, and is inapplicable.

On the whole, we conclude the judge *a quo* has done justice.

Judgment affirmed.