LAND, J.
The defendant, John Bresnan, owned a plantation consisting of more than 400 acres of land, on which he resided with his family. In 1903 defendant borrowed $9,-000 to pay off the purchase price, and secured the loan by a special mortgage on all his lands. The act did not contain a waiver of his homestead rights under the Constitution of 1898.
In 1904 the defendant executed a second *1015 mortgage on the same plantation to secure advances to make a crop. In this second mortgage the defendant and his wife waived their homestead rights.
Plaintiff as holder of the note secured by the first mortgage sued out executory process under which the plantation was seized and advertised for sale.
The defendant by rule claimed his homestead rights and prayed for judgment decreeing said property to be his bona fide homestead, and, in case the same should sell for more than $2,000, for a decree that he is entitled to $2,000 of the proceeds of sale.
The property as a whole was sold at public auction, and adjudicated to the plaintiff for $3,000, which, less costs, the purchaser retained as seizing creditor.
The Gueydan Rice Mill, Limited, as holder of the note for $1,500, intervened, setting up its mortgage and the waiver in its favor of the homestead rights of the defendant, and praying for judgment directing that the said note, with interest, attorney fees, and costs be paid by preference out of the proceeds of said sale.
Defendant ruled the plaintiff and the sheriff to show cause why said sheriff should not pay over to him out of the proceeds of the sale the sum of $2,000 on account of his homestead rights.
The defendant subsequently dismissed and discontinued both of his rules, and thereupon the Gueydan Rice Mill filed an amended petition setting up the homestead rights of the defendant as against the plaintiff.
The case was tried, and there was judgment in favor of the plaintiff for the entire proceeds of the sale. The intervener and third opponent has appealed.
Article 244 of the Constitution of 1808 exempts-from seizure and sale by any process whatever “the homestead bona fide owned by the debtor and occupied by him, consisting of lands not exceeding 160 acres, building, and appurtenances, whether rural or urban, of every head of a family or a person having a mother or father, or a person or persons dependent on him or her for support, * * * provided that, in case the homestead exceeds $2,000 in value, the beneficiary-shall be entitled to that amount in case a sale of the homestead under any legal process realizes more than that sum.”
Under articles 244 and 245 of the Constitution of 1898, the homestead exemption bars all claims except debts for the purchase price or any part thereof, for labor, money, and material furnished for building, repairing, or improving homesteads, for certain fiduciary liabilities, for taxes or assessments, and for rents. Article 245 expressly forbids courts and ministerial officers from enforcing any judgment, execution, or decree against the property exempted as a homestead except the debts above mentioned, provided the property shall not exceed $2,000 in value. Article 246 of the same Constitution reads as follows:
“The right to sell any property that is exempt as a homestead shall be preserved; but no sale shall destroy or impair any rights of creditors therein. Any person entitled to a homestead may waive the same by signing with his wife, if she be not separated a mensa et thoro, and having recorded in the office of the recorder of mortgage of his parish, a written waiver of the same in whole or in part. Such waiver may be either general or special, and shall have effect from the time of recording.”
Defendant and wife specially waived their homestead rights in favor of the holder of the mortgage note held by intervener and third opponent.
It results that the holder of the first mortgage acquired no rights against the homestead except on the surplus price over and above the sum of $2,000, and 'that the holder of the second mortgage with the waiver acquired the right to seize and sell the homestead in satisfaction of his debt. The recorded waiver having taken effect from the time of its recordation necessarily primes all *1017 subsequent waivers of'whatever kind on the same homestead. “Qui est prior in tempore prior in jure,” is a maxim both in law and equity.
It is conceded that defendant was entitled to $2,000 out of the proceeds of the sale in question; but it is argued that the debtor’s right to the fund was purely personal, and, he having abandoned this right by the voluntary dismissal of his opposition, the first mortgage became operative on the homestead. This contention is predicated on the premise that the recorded waiver had no legal effect as to third persons-or even as to the debtor. The Constitution declares that a waiver of homestead rights shall have effect from the time of the recording. The requirement of registry necessarily implies that some real right in the homestead is transferred by such a waiver, as otherwise its recordation would be a vain and useless ceremony. The constitutional homestead of the debtor is something more than a mere exemption from seizure and sale. It is a beneficial estate, which, in case of a judicial sale, attaches to the proceeds, and which the debtor may sell subject to the rights of creditors therein. For the purpose of enabling the debtor to utilize his homestead as a basis of credit, the Constitution authorizes the husband and wife to waive their homestead rights in whole or in part, generally or specially. If such a waiver vests no real rights in the mortgage creditor and gives no preference to his claim, then it serves no useful purpose as a security to the creditor, and is of no practical value to the owner of the homestead. In our opinion article 246 of the Constitution in declaring that a recorded waiver of homestead rights shall have effect intended that a special waiver in favor of a particular creditor should give his claim priority over other creditors having no previous enforceable claims against the homestead.
Plaintiff had no enforceable mortgage lien on the homestead or on its proceeds up to-the amount of $2,000. In fact, his claim against both is repelled by constitutional prohibition against its enforcement by the courts-save as to the surplus. The money must go to the intervening creditor holding the only effective mortgage against the property. If has been held in other jurisdictions that a mortgage executed by the husband and wife on their homestead in accordance with the-statute primes prior mortgages executed by the husband alone. Eldridge v. Pierce, 90 Ill. 474; Dorsey v. McFarland, 7 Cal. 342.
It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the United Irrigation & Rice Milling Company, substituted intervener and third opponent, ordering that said company be paid by preference over the plaintiff and the defendant out of the proceeds of the sheriff’s sale made in this proceeding the-sum of $1,500, with 8 per cent, per annum interest thereon from May 9, 1904, until paid, and with 10 per cent, (for attorney fees) on the aggregate thereof at date of judicial demand, and costs, provided that such payment shall not exceed the sum of $2,000; and it is further ordered that the plaintiff pay the costs of intervention and third opposition in the court below and costs of appeal.