SOMMERVILLE, J.
Plaintiff, alleging himself to be a resident of the parish of Richland, and claiming to own a homestead in the parish of Caldwell, which had been seized by the sheriff of the parish of Oaldwell under a writ of fieri facias issued at the instance of the Oaldwell Bank, obtained an injunction to prevent the sale of said property, and he asked for damages. Plaintiff amended his petition, and alleged that he resided in Caldwell. The bank answered, denying that plaintiff lived in Caldwell, and alleged that he did not occupy the property seized as a homestead.
There was judgment dissolving the injunction, and plaintiff appealed. Pie has made no appearance in this court, either in oral argument or on brief. The bank answered the appeal, and asked that the damages awarded be increased from 10 to 20 per cent.
[1] The record discloses that the plaintiff owned the property, and was residing thereon in the year 1910, at which time he sold the property and removed from the parish of Caldwell. Plaintiff testified on the trial of the cause that he had not resided on the place seized with his family since he sold the same in the year 1910, but that he had reacquired the property about 1912, and that he had been there occasionally and had slept in the house of one of the tenants overnight on several occasions. He further testified that in 1914, just before this injunction was sued out, he moved some of his household effects to two of the houses on the place which were rented out to tenants. Plaintiff offered no evidence whatever to show that he was residing on the property at the time of the seizure. It is shown in an act of sale that he had been described as residing in the parish of Richland after he sold the property in 1910. The Constitution says (article 244):
“There shall be exempt from seizure and sale by any process whatever, except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father, or a person or persons dependent on him or her for support; also two work horses, one wagon or cart, one yoke of oxen, two cows and calves, twenty-five head of hogs, or one thousand pounds of bacon or its equivalent in pork, whether these exempted objects be attached to a homestead or not; and on a farm the necessary quantity of corn and fodder for the current year, and the necessary farming implements, to the value of two thousand dollars.”
[2] Under this constitutional provision we have held that the homestead claim to be exempt must be “owned by the debtor and occupied by him.” Clausen v. Sanders, 109 La. 996, 34 South. 53. And further:
“If a debtor leases the -whole of the premises, he has no right to the homestead exemption.”
The plaintiff here leased the whole of the property, after he had come into possession of it as owner the second time, and he has therefore no right of homestead therein.
To be able to claim the benefit of a homestead exemption the claimant must be the bona fide owner of the land; he must occupy the premises as a residence; he must be the head of a family, or a person having a person or persons depending on him for support; and the property must not exceed in value $2,000. As Roy was not occupying the premises as a residence at the time of the seizure, he is not entitled to the exemption.
Affirmed.