163 So.2d 81

#### The LAMAR LIFE INSURANCE COMPANY

**v.**

#### Mark P. BABIN and Mrs. Ethel Porche Babin.

No. 46606.

Nov. 12, 1963.

On Rehearing March 30, 1964.

Borowski & McMahon, Houma, for intervenor-relator.

O'Neal & Waitz and Philip E. Henderson, Houma, for respondents.

McCALEB, Justice.

This case involves the right of a conventional mortgagee, under an act of mortgage containing a homestead waiver, to assert the homestead claim in his own behalf and be paid from the proceeds of the sale of the mortgaged property, in preference to prior judicial mortgages, out of the

amount which would have been reserved as the homestead of the judgment debtor had he appeared and established that the property sold under executory process was his homestead.

The facts are these: The property of the defendants, Mark P. Babin and Mrs. Ethel Porche Babin, was sold by executory process to satisfy a first mortgage thereon in favor of plaintiff amounting to more than $8,000. It brought $14,000 at the sale and, after payment by the Sheriff of the first mortgage with interest and attorney's fees and also the amount of a sewerage lien, there remained the sum of $3895.86 to be applied toward the payment of other creditors listed in the certificate of mortgages. This certificate, ranking the judgments and mortgages in order of their recordation in accordance with law (see Article 3329 of the Civil Code and Harvey v. Thomas, 239 La. 510, 119 So.2d 446 and cases there cited), showed (excepting mortgages not applicable to this case) the following:

1. A judicial mortgage in favor of D. H. Holmes Company, Ltd. for $158.62, with interest and costs.

2. A conventional mortgage in favor of E-Z Finance plan of Houma, Inc. for $2,640.00 with attorney's fees and costs, which mortgage contains a waiver of homestead;

3. A judicial mortgage in favor of Dr. Earl Fernandez for $86.42 with interest and costs;

4. A judicial mortgage in favor of Isaac W. Sharp, Jr., respondent herein, for $600, with interest and costs, and

5. A conventional mortgage containing a waiver of homestead in favor of Charles Collins (the relator herein) for $1055.84, with interest, attorney's fees and costs.

The holders of the conventional mortgages listed as (2) and (5) thereafter instituted a rule to show cause why they should not be paid, by preference over the judgment creditors, the $3894.86 proceeds remaining in the hands of the Sheriff by reason of the fact that their mortgages contained homestead waivers. The respondent, Sharp, holding a judicial mortgage superior in rank to the conventional mortgage of Collins, resisted this claim with certain other holders of judicial mortgages. After a hearing the rule was discharged and the Sheriff was ordered to distribute the proceeds on hand in the order listed on the mortgage certificate.

It was the view of the judge that, inasmuch as the judgment debtors had only one homestead, which had first been waived in favor of the seizing creditor, The Lamar Life Insurance Company, the entire amount of the proceeds attributable to this home-

stead exemption had been consumed in satisfaction of the writ; that the surplus remaining in the hands of the Sheriff did not include any part of the homestead exemption and that this amount must be distributed to the mortgage creditors in order of their rank as evidenced by the mortgage certificate.

Collins appealed to the Court of Appeal, First Circuit, from the adverse decision where the judgment of the district court was affirmed. The Court of Appeal adopted in part the reasoning of the trial judge. It further concluded that, since the Babins (the judgment debtors) were not claiming the homestead exemption, Collins' inferior conventional mortgage could not be given preferential rights to be paid out of monies which might have been segregated as homestead funds because the right to claim a homestead exemption is personal to the homesteader, and his mortgagee with a homestead waiver could not exercise this right in the homesteader's behalf. See Lamar Life Insurance Company v. Babin, La.App., 148 So.2d 366.

On application of Collins we granted a writ of certiorari, it appearing that the decision of the Court of Appeal might be in conflict with our ruling in Glenn v. Bresnan, 123 La. 1014, 49 So. 690.

In this Court counsel for respondent, Sharp, are contending, for the first time, that the judgment below should be affirmed because the relator, Collins, did not file in evidence the act granting him a mortgage on the property of the judgment debtors, which allegedly contains a waiver of the mortgagors' homestead exemption.

It is true that a certified copy of the Act of Mortgage is not filed in the record, counsel for Collins having merely attached to their brief in the Court of Appeal such a copy for the benefit of the Court. Nevertheless, we find no merit in the contention of Sharp's counsel in view of the following circumstances.

It appears from the record that, at the beginning of the trial of the rule in the district court, counsel for Collins, in order to prove the allegations of the rule that E-Z Finance Plan and Collins were holders of mortgages containing waivers of homestead exemption, offered in evidence the mortgages which were duly recorded. When this offer was made, counsel for Sharp stated:

"I have no objection to stipulating that the mortgages referred to by counsel are of record. I have no objection to stipulating that the judgments listed in the certificate are of record."

Unquestionably, this stipulation was understood by counsel for Collins and also the district judge as a concession not only of the fact that the proffered mortgage acts were recorded and were past due and unpaid

but also that they contained waivers of the mortgagors' homestead exemption.

 If counsel for Sharp were contending here that the Collins mortgage does not actually contain a homestead waiver, a different matter might be presented and a remand would be in order. But, in view of the fact that no such contention is made, we consider counsel's stipulation in the lower court broad enough to include an admission that the mortgage does contain the waiver alleged by Collins.

 On the other hand, a perusal of the record discloses that it is barren of any evidence that the property seized and sold was the homestead of the judgment debtors, who have not appeared in the case. Since Collins is claiming that the waiver of the homestead exemption by his mortgagors vested in him, under authority of Glenn v. Bresnan, 123 La. 1014, 49 So. 690 (1909), a beneficial estate in the homestead exemption which attached to the proceeds, he obviously assumed the burden of establishing that the judgment debtors' property was homestead property at the time of the judicial sale. Failure to prove that such was the case is fatal to Collins' claim.

Section 1 of Article XI of the Constitution provides:

"There shall be exempt from seizure and sale by any process whatever, except as hereinafter provided, the *home-stead, bona fide,* owned by the *debtor* and occupied by him, consisting of lands, not exceeding one hundred and sixty (160) acres * * * *of every head of a family,* or person having a mother or father or a person or persons dependent on him or her for support * * * to the total value of not more than Four Thousand Dollars ($4,-000.00).

"Provided, that in case the homestead exceeds Four Thousand Dollars ($4,-000.00) in value, the *beneficiary* shall be entitled to that amount in case of a sale of the homestead under legal process realizes more than that sum; if the sale does not realize more than that sum, over and above all costs and expenses, said sale shall be null and void.

"The *benefit* of this exemption *may be claimed* by the surviving spouse, or minor child or children, of a deceased beneficiary." (Italics ours.)

By Section 3 of Article XI it is provided that any person entitled to a homestead may waive it in whole or in part by signing a written waiver thereof which shall have effect from the time of recordation. The authority to waive a right as to a creditor does not necessarily connote that the right itself may be sold or assigned and it would appear from the language of the above quoted constitutional provisions that the

benefit of the exemption is, as the Court of Appeal found, personal to the beneficiaries mentioned thereon.

However, this Court held in Glenn v. Bresnan, supra, which decision was reaffirmed in Abbott v. Heald, 128 La. 718, 55 So. 28, despite a vigorous dissenting opinion by Mr. Justice Provosty (see 55 So. 30), that a waiver of homestead by a debtor created a beneficial estate in favor of a conventional mortgagee, viz.—a special real right so that the creditor might utilize the debtor's homestead as a basis for payment of the mortgage and be paid in preference to prior recorded mortgages out of the unclaimed homestead fund.

Whether or not the decision in Glenn v. Bresnan is correct and should be perpetuated (its validity has not been challenged by respondent) is a matter which need not be determined in this case. For, acknowledging that Collins has the right, in view of the homestead waiver, to claim a beneficial estate in the homestead exemption and to assert and utilize it so as to secure a preference over judicial mortgages superior in rank, he cannot have $4,000 segregated as a homestead exemption of the judgment debtors in the absence of proof that the property seized and sold under the first mortgage was the Babins' homestead at the time of its seizure.

It is the well-settled jurisprudence that the provisions of Section 1 of Article XI of the Constitution are not self operative. Indeed, this Court has many times stated that homestead laws, being in derogation of common right, are to be strictly construed and that persons invoking their protection are required to come both within their spirit and letter. See, among other cases, Brannin v. Womble, 32 La.Ann. 805; Tilton v. Vignes, 33 La.Ann. 240 and Galligar v. Payne, 34 La.Ann. 1057.

In Brantley v. Pruitt, 175 La. 879, 144 So. 604 (1932), the Court observed that, as early as 1888 in Denis v. Gayle, 40 La.Ann. 286, 4 So. 3, four indispensable conditions must be met for a debtor to be entitled to the exemption of his property as a homestead, viz., (1) he must show that he is a bona fide owner of the land; (2) he must occupy the premises as a residence; (3) he must have a family or person or persons dependent upon him for support and (4) the property must not exceed $2000 in value (now $4,000 under the constitutional amendment of 1938).

Of course, under the present constitutional provision, the last requirement is unnecessary for purposes of obtaining a $4,000 preference to the proceeds, when the property seized brings more than $4,000 at the sale. But it is always essential, in order for a homestead claim to be recognized, that the first three above stated essentials be established by the evidence. The applicable rule was tersely stated in

Acosta v. Whitney Nat. Bank of New Orleans, 214 La. 700, 38 So.2d 391, thus:

"The provisions of Section 1 of Article XI of the Constitution of 1921 granting to every head of a family the right to have exempt from seizure and sale the homestead, is not self-operative. That right can only be successfully claimed upon proper showing that the debtor is the head of a family or a person having a mother or father or person or persons dependent upon him or her for support and that the property is bona fide owned and occupied by him as such, provided that the sale does not exceed the value fixed in the constitution ($2,000 at the time the property in controversy was sold, $4,000 under the 1938 amendment), in which case the beneficiary is entitled to its value in cash. Brannin v. Womble, 32 La.Ann. 805; Tilton v. Vignes, 33 La.Ann. 240; Galligar v. Payne, 34 La.Ann. 1057; Denis v. Gayle, 40 La.Ann. 286, 4 So. 3; Hayden v. Slaughter, 43 La.Ann. 385, 8 So. 919; Roy v. Godfrey, 142 La. 262, 76 So. 707; Jefferson v. Gamm, 150 La. 372, 90 So. 682; Andrews v. McCreary Lbr. Co., 155 La. 730, 99 So. 579, 33 A.L.R. 608; and Brantley v. Pruitt, 175 La. 879, 144 So. 604."

Accordingly, the judgment of the Court of Appeal is affirmed at relator's costs.

## On Rehearing.

HAWTHORNE, Justice.

As stated in our opinion on first hearing, there is involved in this case the right of a conventional mortgagee under an act containing a homestead waiver to assert the homestead claim in his own behalf and be paid from a surplus of the proceeds of the sale of the mortgaged property in preference to prior recorded judicial mortgages out of the amount which would have been reserved as the homestead of the judgment debtor had the debtor appeared and established that the property sold was his homestead.

■ The facts are set forth fully in our original opinion, and there is no necessity to reiterate them here. This court affirmed the judgment of the Court of Appeal on the ground that there was no proof that the property seized and sold was the bona fide homestead of the debtor at the time of its seizure. In so holding this court pointed out that for a debtor to be entitled to the exemption of his property as a homestead four conditions must exist: (1) The debtor must be the bona fide owner of the land; (2) he must occupy the premises as a home; (3) he must have a family or person or persons dependent upon him for support, and (4) the property must not exceed $4000.00 in value. The opinion further pointed out that the last requirement is un-

necessary for purposes of obtaining $4000.-00 preference to the proceeds when the property seized brings more than $4000.00 at the sale, but that for the homestead to be recognized the first three stated conditions must be proven by the evidence.

Our holding in this case on original hearing made it unnecessary to decide whether the holding of the Court of Appeal in the instant case, to the effect that the benefit of the homestead exemption is personal to the beneficiaries named in Section 1 of Article 11 of the Constitution, was in conflict with the holding of this court in Glenn v. Bresnan, 123 La. 1014, 49 So. 690; see also Abbott v. Heald, 128 La. 718, 55 So. 28.

The relator Collins filed application for rehearing, asking us to remand the case so that he might make proof that the property seized and sold, on which he has a conventional mortgage with homestead waiver, was the bona fide homestead of the judgment debtor Babin. We granted a rehearing so that we might consider this request for remand.

In argument on rehearing in this court the respondent Sharp, the holder of a judicial mortgage, refused to concede that the property seized was the bona fide homestead of the judgment debtor. He contends that a remand would not avail relator any-thing because the homestead exemption must be claimed before the seizure and sale, and the exemption in this case was not claimed until after the sale. In support of this contention he cites Andrews v. McCreary Lumber Co., 155 La. 730, 99 So. 579, 33 A.L.R. 608, and Acosta v. Whitney Nat. Bank of New Orleans, 214 La. 700, 38 So. 2d 391.

There is language in the cases cited by respondent which would seem to support his contention. For instance, in Acosta v. Whitney National Bank this court said: "Furthermore, it is the settled jurisprudence of this court that the [homestead] exemption is forever lost where the one entitled to claim it fails to do so at the time the property is seized and sold, and this is so even so far as the dependent wife and minor children, or other dependent members of the family, are concerned." The court in support of this statement cited among other cases the case of Andrews v. McCreary Lumber Co., supra.

An analysis of these cases, however, will show that they are not in fact authority for respondent's position in the instant case. In each of these cases plaintiffs instituted a petitory action seeking to recover property, or an interest therein, that had been sold at judicial sale, on the theory that the property sold constituted a bona fide homestead. In each case the claim to the homestead ex-

emption was not made when the property was seized or before the sale took place. The important fact in each of these cases is that the homestead exemption was the basis of a *claim for title* to property which had been sold at judicial sale.

■ In the instant case title to the property is not involved, nor is it contended that the judicial sale of the property was a nullity. The exemption in this case is being urged as a basis for a claim to the *proceeds* from the sale still in the hands of the sheriff or the purchaser, and under these circumstances such exemption was timely urged.

The relator has cited several cases which support his contention that the debtor can claim the homestead as long as the proceeds of the sale remain in the hands of the sheriff or the purchaser, these cases being: Coleman v. Continental Bank & Trust Co., 139 La. 1078, 72 So. 742; Johnson v. Agurs, 116 La. 634, 40 So. 923; Abbott v. Heald, 128 La. 718, 55 So. 28; Cloud v. Cloud (La. App.), 127 So.2d 560. In Coleman v. Continental Bank, the syllabus by the court reads:

"It is not too late for a debtor to claim the $2,000 reserved as a homestead exemption after the sheriff has made an adjudication of the property subject to the homestead for a bid exceeding $2,000, so long as the proceeds of the sale remain in the hands of the sheriff or of the purchaser at the sheriff's sale."

The other cases cited by relator are to the same effect.

In Cloud v. Cloud, supra, the Court of Appeal explained the rationale of the cases which hold that where the homestead exemption is urged as a basis of title to property sold, the claim to the exemption comes too late if not urged until after the sale. The court pointed out that the prerequisite of a claim to the homestead exemption prior to the judicial sale is not found in the constitutional provision, but that such prerequisite results from judicial interpretations that if homestead claims to the property are recognized after the sale despite the absence of the claim to the exemption made before the sale, the stability of all land titles emanating from sheriff's sales is in danger, a result that the authors of the Constitution must not have intended. In other words, in the absence of a waiver of the exemption, if the bona fide homestead is sold under legal process and at such sale does not bring more than $4000.00, then under the provisions of the Constitution the sale is null and void; however, for the debtor to avail himself of this nullity, he must claim the exemption before the sale and cannot thereafter have the sale set aside and the purchaser divested of *title* on the

sole ground that the property was his bona fide homestead.

■ Having concluded only that the homestead exemption was timely urged in the instant case, we shall remand the case to the district court so that evidence may be admitted on the question whether the property seized and sold was the bona fide homestead of the judgment debtor. If this fact is not established on the remand, the claim of relator, the holder of a conventional mortgage containing a homestead waiver, to be paid out of the proceeds of the sale in preference to holders of prior judicial mortgages would no longer be an issue in the case. Moreover, if it is not established that the property seized and sold was the debtor's bona fide homestead, the question of whether the benefit of the homestead exemption is personal to the beneficiaries named in the Constitution, as held by the Court of Appeal, would no longer be in the case. In ordering this case remanded we express no view as to the correctness of the judgment of the trial court or the opinion of the Court of Appeal affirming it.

For the reasons assigned the case is remanded to the district court to be proceeded with according to the views here expressed. Assessment of costs is to await final disposition of the case.