## No. 684.

### JOHN T. LEAR VS. WILLIAM HEFFNER, SHERIFF, ET AL.

'The defendant, whose seizure of plaintiff's property is enjoined by plaintiff, who
claims the benefit of the homestead law, contends that the property thus seized
is not exempt under the law, on account of the nature of her judgment. This is
an error.

The debt in favor of defendant was not contracted for the purchase price of the.
property in question, but for a loan or loans made by her to the purchaser. The
fact that he used the money loaned to him in paying the installments of the
price did not make the loans the price. The lender was not the vendor, nor did
she acquire her rights from the vendor. Defendant's construction of the law
would make a debt, not secured by any privilege from its nature, superior to all
privileges and mortgages. This is not admissible.

APPEAL from the Tenth Judicial District Court, parish of Caddo.
*Looney*, J.  *Duncan & Moncure*, for plaintiff and appellant.  *Nutt &
Leonard*, for defendants and appellees.

HOWELL, J.  Plaintiff enjoins the sale of property seized, claiming it to
be his homestead.  The defendant, plaintiff in the execution, contends
that, under the law, the property is not exempt, because it is shown that
her judgment is for money furnished by her to pay the price at which ·
-plaintiff purchased it.  It is true that the money with which the cash
portion of the price and the note for the balance thereof were paid, was
obtained at different times from the defendant, which was afterward se-
cured by special mortgage.  But this did not make her the vendor or
give her the rights of the vendor, in whose favor the exception in the
homestead law invoked was made.  The exception reads:

" SEC. 1692. No property shall, by virtue of this act, be exempt from sale
for non-payment of taxes or assessments levied pursuant to law, nor for
debt contracted for the *purchase price* of said exempted property, nor
for money due for rents, bearing a privilege on said property under ex-
'isting laws." Revised Statutes of 1870.

The debt in favor of defendant was not contracted for the purchase
price of the property in question, but for a loan, or loans, made by her
to the purchaser.  The fact that he used the money loaned to him in

paying the installments of the price, did not make the loans the price. The lender was not the vendor, nor did she acquire her rights from the vendor. Her construction of the law would make a debt, not secured by any privilege from its nature superior to all privileges and mortgages. This is not admissible.

It is therefore ordered that the judgment appealed from be reversed, and that the injunction herein be perpetuated, with costs in both courts.