(58 South. 527.)

No. 18,952.

HARDESTY v. WARNER

(April 22, 1912.)

*(Syllabus by the Court.)*

1. HOMESTEAD (§ 162*)—ABANDONMENT—INTENT.

In order for an abandonment of a homestead to occur, the homesteader must have left it with the intention of permanently leaving it. Mere temporary absence, in search of work, will not effect an abandonment of the homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 315–319; Dec. Dig. § 162.*]

2. HOMESTEAD (§ 181*) — ABANDONMENT — BURDEN OF PROOF.

The burden of proof to show abandonment is upon the creditor who seeks to have the homestead sold, and mere temporary absence will not create a presumption of an intention on the part of the homesteader to abandon the homestead, and an actual intention to abandon must be shown.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

3. HOMESTEAD (§ 171*)—WAIVER—SPECIAL OR GENERAL WAIVER.

A waiver of the homestead right in an act of mortgage is a special waiver, which inures only to the benefit of the mortgagee, and does not inure to the benefit of any of the other creditors of the mortgagor. In order for a general waiver to arise, the waiver must be expressed in the act as a general waiver, or it must be recorded in the mortgage office by special act, as a general waiver.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 338; Dec. Dig. § 171.*]

4. HOMESTEAD (§ 171*)—WAIVER.

A mortgagee, in whose favor a waiver of homestead has been made, takes precedence over a prior mortgagee, whose act contains no waiver of the homestead exemption.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 338; Dec. Dig. § 171.*]

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Geo. J. Woodside, Judge.

Action by F. Hardesty against C. D. Warner. Third opposition by Geo. J. Reiley & Sons and Jones & Whitaker. From a judgment for plaintiff, an appeal is taken. Affirmed.

Wall & Kilbourne, for appellants. Kilbourne & Walker, for appellees.

BREAUX, C. J. Plaintiff held a promissory note secured by mortgage, which he foreclosed. In the act of mortgage, the mortgagor, C. D. Warner, waived his homestead right as follows:

"And the said C. D. Warner hereby waives his benefit of the homestead exemptions created in his favor by the Constitution of 1898, and of all other homestead laws, and now comes Mrs. Lena Warner, wife of C. D. Warner, and consents to the above waiver."

Jones & Whitaker filed third oppositions claiming a preference, and George J. Reiley & Sons also filed opposition, claiming a privilege for lumber sold to defendant. The defendant in his answer claimed a homestead, as he is the head of a family in necessitous circumstances. To the claims of Reiley & Sons, a plea of prescription was filed. It was sustained.

The court rendered judgment in favor of Franklin Hardesty, plaintiff, and decreed that he be paid by preference over all other claimants out of the proceeds of the sale; and the court ordered that the claim of C. D. Warner be paid by preference on the balance of the proceeds of the sale in part satisfaction of his homestead, being an amount remaining after payment of Hardesty.

The third opponents, Jones & Whitaker, alleged that the clause waiving the homestead left it in doubt whether it was general or special. In addition, these opponents averred that the debtor left the homestead in search of means of livelihood, and, in oth-

er ways, manifested his intention of abandoning the homestead.

The defendant, Warner, testified:

"I reside on the place. It was sold in June, 1909. I had been there from 1900 or 1901. I left the 1st of September, 1909, and came back the 1st of February, 1911. I occupied that place as my bona fide home. I owned and occupied it. My occupation is that of a farmer. I have a wife and two children dependent on me for support. The debt which I incurred with Jones & Whitaker, for which they obtained judgment, was created against me while I was on the place. I never had any idea of abandoning my homestead at any time while away. From the time of my return until the seizure of the place I occupied the place with my family."

Relative to the asserted abandonment of the homestead:

[1] The defendant had left his homestead and went elsewhere in order to find a better support for himself and family by working for others than for his own account on the place. It was not an abandonment. This court in several decisions recognizes that there should be some permanence in matter of the homestead; that one should feel that it is his home and that there is no danger of an invasion of that home in case of a temporary absence in search of means of livelihood. Under these circumstances, temporary absence is not cause sufficient to decree abandonment.

[2] The court heretofore placed the burden of proof of abandonment on the creditor who seeks to have the homestead sold, and the court, in the same opinion, held that mere temporary absence does not create the presumption of intention to abandon. St. Mary Bank & Trust Co. v. Daigle, 128 La. 758, 55 South. 345.

Judged under the terms of the cited decision, the defendant had not abandoned his home. The cause rests upon the intention to return, while he was away; his actual return and the fact that he was residing on the place when the third opponents sold to

him on credit; and that he was a resident there when the place was seized.

[3] The next question is whether the waiver was special in favor of the mortgagee, or a general waiver in favor of all creditors.

The article of the Constitution ordains that:

"Any person entitled to a homestead may waive the same by signing with his wife, if she be not separated a mensa et thoro, and having it recorded in the office of the recorder of mortgages; such waiver may be either special or general." Article 246.

As the waiver was a part of an act of mortgage in favor of a creditor, it must be held to bear the imprint of the mortgage of which it forms part. We do not infer that it was the intention of the mortgagor to waive his homestead in favor of all creditors. There is nothing in the act of mortgage so indicating. No one is presumed to abandon his right without the least necessity.

The following, to which our attention is called by learned counsel for plaintiff, is pertinent:

"In a mortgage of real estate, the only effect of a release by the mortgagor and his wife of all rights to the homestead in a mortgaged premise is to subject the homestead, together with the residue of the estate, to the payment of the mortgage debt." Decennial Digest, vol. 10, p. 440, Homestead, par. 175d (Mass.).
"Under the Civil Code, par. 2863, authorizing a debtor to waive exemption, a waiver of homestead rights in an application of a general line of credit is not effectual to bar the debtor's right to homestead against a debt thereafter contracted." Key No. Digest, vol. 9, p. 1458, Homestead, § 175.

In the act of mortgage, the first part recites that the debtor gives a mortgage to secure the amount. In another paragraph, he promises to pay, and further on, to carry out his obligation, he waives his homestead in favor of the mortgagees. If he had gone to the mortgage office and made a general declaration, it would be different, for then it would not be limited to the mortgage cred-

itor to whom he promises to pay the amount thus secured.

The article of the Constitution gives rise to the decided impression that the waiver must be expressed as general in the act or general by repairing to the recorder's office and having it recorded separately from any other act.

[4] The next question is the preference which the waiver of homestead gives to the mortgage creditor. The plaintiff, holder of a conditional note, claims preference over the creditor with a judicial mortgage. Within recent dates that question has been passed upon by us in such terms that there can be no difference whether the first mortgage is a judicial mortgage or a conventional mortgage. The mortgagee who has the waiver of the homestead primes the first mortgage. In each of the cases cited infra, the second mortgage, with the waiver, was recognized as having the preference. No good reason is given to justify a change in the conclusion heretofore reached. Glenn v. Bresnan, 123 La. 1014, 49 South. 690; Abbott v. Heald, 128 La. 718, 55 South. 28; Lear v. Heffner, 28 La. Ann. 829.

Judgment affirmed.