(109 So. 347)

No. 26082.

## BANK OF ERATH v. BROUSSARD.

(June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Homestead ⬤⇒29.**

Farm on which owner has actually resided with his wife and children for considerable time *held* homestead, within Const. 1921, art. 11, § 1.

**2. Homestead ⬤⇒176.**

Mortgages must be satisfied according to priority whether they contain waiver of homestead exemption under Const. art. 11, § 3, or not, and if prior mortgages without waiver clauses exhaust surplus above homestead exemption, subsequent mortgages containing waiver must be satisfied from the homestead fund.

Appeal from Seventeenth Judicial District Court, Parish of Vermilion; W. W. Bailey, Judge.

Action by the Bank of Erath against Ovide Broussard. Judgment for plaintiff, and defendant appeals. Affirmed.

John Nugier, of Abbeville, and Z. B. Broussard, of Baton Rouge, for appellant.

J. E. Kibbe, Jr., of Abbeville, for appellee.

OVERTON, J. The defendant, Ovide Broussard, granted a special mortgage on certain real property, situated in the parish of Vermilion, consisting of 66 acres of land, with the buildings and improvements thereon, to secure the payment of a promissory note for the sum of $1,500, with interest and attorneys' fees, executed by him, payable to his own order, and by him indorsed in blank. The mortgage contains no waiver of a homestead exemption. It is dated November 26, 1920, and was recorded in the mortgage records of the parish on the day following its execution. The mortgage is now held by the plaintiff herein.

Prior to the execution of the foregoing mortgage, defendant granted another mortgage on the same property, to secure the payment of $1,500, together with interest and attorneys' fees, due by him to the F. B. Collins Investment Company. This mortgage was recorded on December 26, 1916, and contains a homestead waiver, signed by defendant and his wife. Subsequent to the execution of the mortgage, first mentioned, defendant granted another mortgage on the same property to secure a note, payable to the order of Ove Broussard, for the sum of $2,800, bearing 8 per cent. per annum interest from February 28, 1921, and containing the usual clause of 10 per cent. attorneys' fees. This mortgage was recorded on February 28, 1921, and contains a waiver of the homestead exemption, signed by both defendant and his wife.

In addition to the foregoing mortgages, there were, at the time this litigation arose, certain judicial mortgages on the property, recorded prior to December, 1916, and aggregating, including interest and attorneys' fees, something in excess of $40.

Plaintiff caused executory process to issue on the mortgage first mentioned. While the property was being advertised for sale to satisfy that mortgage, defendant filed an opposition in the proceedings by executory process, alleging that he is the head of a family dependent upon him for support, and claiming the property seized as his homestead. He prays that, when the property is offered for sale, if there should not be a bid exceeding $2,000, the maximum amount of the exemption, then that the sheriff be ordered to make no adjudication of the property for the reason that the mortgage under foreclosure contains no homestead waiver, and that in the event the property should bring more than $2,000 and more than enough to pay the F. B. Collins Investment Company mortgage and the Ove Broussard mortgage, which contain special homestead waivers, then that he be paid the excess up to $2,000, the amount of his homestead exemption, in preference to the remaining mortgage creditors, none of whom enjoys a homestead waiver.

Before the case was tried, the property was offered for sale, and brought $5,500. This was more than enough to pay the F. B. Collins Investment Company and the Ove Broussard mortgages, but not enough to pay these mortgages, the remaining mortgage creditors, and the amount of the homestead exemption claimed by defendant.

The case was tried. During the trial it was agreed that the court should determine the order in which the various mortgage creditors should be paid. The trial resulted in the rejection of defendant's demand to be paid the amount of the homestead exemption claimed by him, or any part thereof, and in a judgment fixing the order in which the various mortgage creditors should be paid.

From the judgment rendered, defendant alone has appealed. No answer to the appeal has been filed. Hence, the only party to the suit who is complaining of the judgment rendered is defendant. As to him, it is obvious that he has no interest in the order in which the various mortgage creditors should be paid. His only interest is as to whether he should receive, by reason of the homestead exemption which he claims, any part of the amount that the property mortgaged brought.

With reference to homestead exemptions, section 1 of article 11 of the Constitution provides, in part, as follows:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; also two work horses, one wagon or cart, one yoke of oxen, two cows and calves, twenty-five head of hogs, or one thousand pounds of bacon, or its equivalent in pork, whether these exempted objects be attached to a homestead or not, and on a farm the necessary quantity of corn and fodder, hay and potatoes, for the current year, and the necessary farming implements, to the value of two thousand dollars."

With reference to the right to waive a homestead exemption, it is provided, in section 3 of the same article of the Constitution, as follows:

"Any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof; provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter; and all such waivers shall be recorded in the mortgage records of the parish where the homestead is situated. Such waiver may be either general or special, and shall have effect from the time of recording."

[1] The property seized and sold was defendant's farm. He was actually residing on it with his wife and children at the time the property was seized herein, and had been continuously residing thereon with them from a time long prior to said seizure. There can be no question, therefore, that the property was defendant's homestead. It was his homestead at the time the mortgage under which the property was sold was granted, and at the time the indebtedness secured by it arose. The same may be said with reference to the remaining special mortgages granted, and also with reference to the two small judicial mortgages, referred to above. Hence, were it not for the special homestead waivers in favor of the F. B. Collins Investment Company mortgage and in favor of the Ove Broussard mortgage, there could be no question that defendant would be entitled to $2,000, the maximum allowed by law, out of the fund realized from the sale of the property, for there are no special waivers in favor of the other mortgages, and defendant's wife has no means of her own to be deducted from the exemption. However, as stated, defendant and his wife have formally waived the homestead exemption in so far as concerns the mortgages granted by the former in favor of the F. B. Collins Investment Company and of the one granted Ove Broussard by waivers contained in the mortgages themselves. Defendant does not question the validity of those waivers, nor do they appear to be open to question. His position is that, after these mortgages have been paid, he is entitled, by virtue of his homestead exemption, to such part of the proceeds of the sale, as may remain, up to $2,000, in preference to the remaining mortgage creditors for the reason that those creditors enjoy no homestead waiver.

[2] We are unable to grant defendant the relief for which he asks. The mortgages in favor of the F. B. Collins Investment Company and Ove Broussard, which contain the homestead waivers, far exceed $2,000, the amount that the Constitution permits the debtor to claim out of the proceeds of the sale of his homestead by virtue of the exemption accorded it. The only way in which defendant could obtain any relief at all, in view of the waivers made by him, would be by the unwarranted procedure of so manipulating the mortgages as to throw prior mortgages which enjoy no homestead waiver, but which attach to and are susceptible of being executed against that part of the proceeds of the sale of the property in excess of the $2,000 exemption, upon that exemption for payment, by requiring subsequent mortgages that enjoy homestead waivers to be paid first out of said excess, and then by enforcing the homestead exemption against those mortgages which enjoy no homestead waiver. Such a procedure would take away from prior mortgages which enjoy no homestead waiver their right to be paid out of such excess in preference to subsequent mortgages which enjoy such waivers, and hence could not be tolerated for a moment.

Thus, to illustrate, the property brought $5,500. This, exclusive of the costs of sale, gives a fund for distribution of $3,500 in excess of the homestead exemption of $2,000. The first, in point of recordation, of the mortgages involved in this litigation are the two small judicial mortgages aggregating, including interest and attorneys' fees, approximately $40. They enjoy no homestead waiver, but are payable out of the excess of $3,500, and, as they were recorded before the remaining mortgages were, they prime, as to that excess, those mortgages, but are not payable out of the homestead exemption, for they enjoy no homestead waiver. The next mortgage recorded against the property is the F. B. Collins Investment Company mortgage, which, omitting interest and attorneys' fees for the sake of convenience, is for $1,500. This mortgage enjoys a homestead waiver, and is there-

fore payable out of the entire fund of $5,500. If defendant could force the payment of the Collins Investment Company mortgages out of the excess, in preference to the small judicial mortgages, mentioned above, this would leave, say, for purposes of illustration, $2,000 of that excess. The next mortgage that was recorded is the one that is being foreclosed herein, and is for $1,500, exclusive of interest and attorneys' fees. This mortgage enjoys no homestead waiver, but is payable, in accordance with its rank, out of the fund in excess of the homestead exemption, though, of course, not out of that exemption. The next mortgage is the Ove Broussard mortgage, which, exclusive of interest and attorneys' fees, is for $2,000. This mortgage was the last one recorded. It enjoys, as stated, a homestead waiver, duly executed, and hence is payable in accordance, with its rank, out of the entire fund of $5,500. If defendant could force the payment of this mortgage out of said excess in preference to the judicial mortgages mentioned above, and in preference to the mortgage under foreclosure herein, then there would remain of said excess, after the payment of the F. B. Collins Investment Company mortgage, the sum of, say, for purposes of illustration, $2,000 to be applied on said mortgage. This would not be sufficient to satisfy it, and Ove Broussard, the holder of the mortgage, would have to take advantage of his homestead waiver and look to the $2,000 exemption claimed by defendant for payment of the balance. This would materially encroach upon that exemption, but would leave, say, $1,200 of that fund, with the judicial mortgages and the mortgage that is being foreclosed, which aggregate, exclusive of interest and attorneys' fees on the latter, $1,540, unpaid. Since there would be no other fund than the balance of the exemption out of which these judicial mortgages and the mortgage that is being foreclosed could be paid, defendant could then plead his exemp-

tion against them. However, it is sufficient to observe that a resort to this method cannot be had to save any part of defendant's homestead claim, for the reason that the method involves the taking away from the judicial mortgages mentioned, and from the mortgage that is being foreclosed herein, their rank, or right to be paid by priority, because of their prior recordation, out of said excess. If these mortgages are paid in accordance with their rank out of said excess, which they should be, it is manifest that, in order to pay the Ove Broussard mortgage, which enjoys a homestead exemption, and which was the last mortgage recorded, not only the balance of the excess, but all of the homestead fund, will be exhausted. In fact, there will not be enough to pay that mortgage in full. It is clear, therefore, that defendant, because of the waivers made by him, has no homestead exemption left to assert.

For these reasons our conclusion is that the trial court was correct in rejecting defendant's claim for $2,000 as his homestead exemption.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs.