## In re DAVID.

District Court, W. D. Louisiana, Lake Charles Division.   October 5, 1929.

No. 3683.

L. L. Perrault, of Opelousas, La., referee in bankruptcy.

John B. Fournet, of Jennings, La., for bankrupt.

John T. Hood, of Welsh, La., for creditor bank.

DAWKINS, District Judge. This matter comes up on application to review the ruling of the referee as to the bankrupt's claim of a homestead in certain real property. The Federal Land Bank has a first mortgage upon the land for $2,000, with waiver of the homestead. The bankrupt has intervened, claiming his homestead in the excess which the property (consisting of 104 acres) may bring at the sale, and the trustee has opposed its allowance upon the ground that, having waived the right in favor of the bank, David cannot now be allowed to assert a second homestead in these funds. The referee sustained the opposition of the trustee and denied the exemption.

The state Constitution allows every head of a family, or person having others dependent upon him or her for support, a homestead, exempt from seizure and sale for his debts, with certain exceptions, consisting of 160 acres of land, with improvements thereon, live stock, etc., but provides that if, under execution, it shall bring more than $2,000, it may be sold, reserving to the debtor the right to take from the proceeds that sum, to be reinvested in another homestead. Constitution of Louisiana 1921, art. 11, § 1. Any person entitled to a homestead may waive the same, "in whole or in part, by signing a written waiver thereof; provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter; * * * Such waiver may be either general or special, and shall have effect from the time of recording." Section 3.

The question involved here is similar in some respects to that decided by this court in the case of In re Touchet, 28 F.(2d) 388. There the owner waived his homestead in a special mortgage covering a part of the property, which was sold under foreclosure for $3,500; the entire proceeds being applied to the satisfaction of that debt. It was held that, as to ordinary creditors, the exemption could not be sustained in the unincumbered portion upon which his house and improvements were not located, as it would in effect be to allow it twice.

Bank of Erath v. Broussard, 161 La. 657, 109 So. 347, was cited in support of that view. The facts in the latter case were somewhat different from those both in Re Touchet and in the present instance. Both the bank and the other creditor held mortgages upon the property, the older and superior in rank containing no waiver, while the second or inferior one carried a waiver of the homestead. The Supreme Court of Louisiana decided that the latter should be relegated to the $2,000 representing the exemption, as otherwise the effect would be to permit him to absorb the fund upon which the first mortgagee had a first lien.

If the creditors hold claims of equal rank, it seems clear that the same principle must apply, as a simple illustration will demonstrate. Leaving out of consideration for the moment the question of mortgage, if the homestead is worth and actually brings at forced sale $4,000, and there are two ordinary creditors of equal rank without waivers, in the sum of $1,500 each, the homesteader will be permitted to take his $2,000, and the remainder will be divided equally between the creditors, in the proportion of $1,000 to each. On the other hand, if one of them has a waiver (the two obligations being represented by ordinary notes or accounts without mortgage) and the other does not, to permit the homesteader to claim his full $2,000, and the other creditor enjoying the waiver to receive his $1,500 out of the excess because of that fact, would leave only $500 to the one not so fortunate. In other words, the mere fact that the owner has waived his rights in favor of the one, and not the other, would have the result of giving the former creditor the entire amount of his claim out of the fund insufficient to satisfy all, and of depriving the less fortunate one of half the amount which he would have received, had there been no waiver at all.

In Touchet's Case the mortgage creditor had no lien upon, and asserted no claim against, the 14 acres (not included in his mortgage) which Touchet endeavored to have exempted; after he had previously asserted his homestead in the improvements and land sold under the foreclosure; that is, the tract upon which he lived, and from which his homestead was divested by the sale. If he had not waived the exemption in favor of the mortgage creditor, it could have been claimed out of the proceeds of the sale, which amounted to $3,700, and hence he would have had no basis to assert it against the 14 acres. The mortgagee for the balance of his debt, as well as other general creditors, would have enjoyed the right of sub-

jecting the latter to the payment of their claims ratably. He could not, therefore, as demonstrated by the illustration above, deprive his ordinary creditors of their rights in the 14 acres, when no one else had been given a superior lien thereon.

In the present case the mortgage covers the entire property, and, even without the waiver, the general creditors would have received nothing, so long as it did not bring enough to pay the mortgagee in full above the homestead claim of $2,000. The result is that they will lose nothing, and are in no worse position by the waiver.

The reasoning of this court in Re Touchet unquestionably justified the conclusion reached by the referee in the present case, but I think the former may be distinguished on its facts and upon the grounds above mentioned. Then, too, there was not brought to the attention of the court the case of Brooks & Clark, Ltd., v. Broussard et al., 148 La. 509, 82 So. 254, in which the present writer was the organ of the state Supreme Court, wherein the identical issue involved here was decided in favor of the homesteader.

I am, therefore, compelled to reverse the ruling of the referee, and to sustain the homestead claim of the bankrupt.