## In re CLEMENTS.

District Court, W. D. Louisiana, Monroe Division. October 5, 1929.

### No. 3689.

J. M. Grimmet, of Shreveport, La., referee in bankruptcy.

T. V. Berry, of Winnsboro, La., for claimants.

D. J. Anders, of Winnsboro, La., for bankrupt.

DAWKINS, District Judge. This case comes up from the referee on motions to review three rulings made therein.

The first is an exception by one of the creditors to the allowance of an additional fee to the attorney for the bankrupt of $200. He had previously received $100 from his client at the time of filing the petition. The property brought $11,370, of which $4,405 was realized as the result of efforts of this attorney, who induced the referee to reject the original bid and put up his personal check for $1,000 to guarantee a better price. While the attorney for the bankrupt would probably not be permitted to represent the interests of the creditors or trustee, and to receive compensation therefor, nevertheless the size of the estate is such that I feel the additional allowance made, or a total of $300, is reasonable under the circumstances, and it will not be disturbed.

The next matter for review is the refusal of the referee to allow the counsel for G. W. Grow attorney's fees upon the full sum of the mortgage claim, amounting to $1,938.85. This indebtedness was represented by eight mortgage notes, in the sum of $214.23 each, due December 1, 1927, to December 1, 1934, inclusive, and a ninth for the sum of $214.29, due December 1, 1935. They each provided for the payment of 10 per cent. attorney's fees "in case it becomes necessary to place (them) this note in the hands of an attorney for collection. * * *" The stipulation in the mortgage with respect to attorney's fees is as follows:

"It is agreed that in case it shall become necessary to institute legal proceedings for the recovery of the amount of said note or of the interest thereon, or any part thereof, or any other monies which may become due by the mortgagor under the terms hereof, the said mortgagor binds himself to pay the fees of the attorney at law who may be employed for that purpose, which fees are hereby fixed at ten per cent. on the amount sued for."

The mortgage contained a provision giving to the holder the option of declaring all the notes due upon the default in payment of any one of them. This option, however, was not exercised. Only two of the notes were due, but all of them were in the hands of the attorney at the time of the filing of the petition in bankruptcy.

The terms of the notes and of the mortgages are somewhat at variance; but, of course, the extent of the lien created upon the property is controlled by the latter. Under the mortgage, the attorney's fees are not due, unless it becomes "necessary to institute legal proceedings for the recovery of the amount of said notes." This was not done before bankruptcy, and no lien could be created thereafter. The prosecution of the claim in this court does not give rise to a lien for attorney's fees, except upon disputed items which the creditor may succeed in recovering. People's Homestead Association v. Bartlette (C. C. A.) 33 F.(2d) 561; Phœnix Building & Homestead Association v. Carrere's Sons (C. C. A.) 33 F.(2d) 563. In the former the Circuit Court of Appeals for this circuit has differentiated the case of Security Mortgage Co. v. Powers, 278 U. S. 149, 49 S. Ct. 86, 73 L. Ed. 236, decided December 10, 1928. The decision of the referee in this matter will, therefore, be sustained.

The third appeal is from a decision allowing the bankrupt to claim his homestead out of the proceeds of the property, after satisfaction of certain mortgages containing a waiver of the exemption. These mortgages were paid in full, and hence the exemption is claimed only as against ordinary creditors. The referee sustained the homestead claim, and for reasons assigned in the opinion this day handed down in the bankruptcy of Evrard David, No. 3683, 35 F.(2d) 520, wherein the circumstances are substantially the same, the ruling will be affirmed.

Proper decree may be presented.