*690
 
 ROGERS, J.
 

 The Bank of Bienville sued the Fidelity & Deposit Company of Maryland as the surety for R. L. Hudson on his contract with the Bienville parish school board to repair and make additions to the high school building in the town of Bienville. Plaintiff predicated its claim on the default of the contractor, the alleged taking over and completion of the work by the contractor’s surety, and that it had paid for and furnished certain materials and labor used in the building by the contractor, for which it held duly executed assignments and subrogations. In the alternative, plaintiff claimed that, if it was not a furnisher of materials and labor as alleged, it was a creditor of the contractor, having supplied him with the money to pay for the materials and labor, and was legally subrogated to the claims of the furnishers thereof against the contractor’s surety. Plaintiff’s demand was for $6,549.19, on which it recovered judgment for $430.09, with interest and costs. From this judgment, both plaintiff bank and defendant surety company appealed.
 

 Under date of October 2,1923, R. L. Hudson and the Bienville parish school board executed a written contract covering additions and repairs to the high school building at Bienville. The contractor agreed to do the work for $29,100, and the Fidelity & Deposit Company of Maryland signed his bond for $14,550. Both contract and bond were duly recorded. During the course of the work the contractor defaulted, and the surety company authorized the school board to take over and complete the job. The school board did so at a cost to the surety company of $2,-865.37. The surety company also expended $4,508.30 in paying and canceling all recorded claims except those filed by the plaintiff bank.
 

 • The plaintiff bank sued as assignee and subrogee on thirteen claims. But none of the materials or labor composing these claims was furnished by the bank. All that the bank did was to lend to the contractor the money with which the claims, excepting possibly the four claims of John McAllister and Josh Nee-ham, were paid. And the assignments and subrogations herein sued on were not actually procured by the bank until long after the claimants had been paid and the debts discharged.
 

 The plaintiff bank acquired no conventional subrogation, because such a subrogation could not be validly made subsequent to the payment of the debts. Oiv. Code, art. 2160. And there was no legal subrogation, because no privilege exists in favor of the furnisher of money used by a building contractor in paying for labor and material, Young v. Barelli, 169 La. 319, 125 So. 258; hence the bank is not a creditor entitled to claim the benefit of a legal subrogation, Civ. Code, art. 2161; Nolte & Co. v. His Creditors, 7 Mart. (N. S.) 602; Lear v. Heffner, 28 La. Ann. 829; Brice v. Watkins, 30 La. Ann. 21; Fishel v. Mercier, 37 La. Ann. 356.
 

 The surety company complains of the judgment in plaintiff’s favor for $430.09. We think the complaint is well founded. The judgment was based on the assignment and subrogation to plaintiff of the claim of the Victory Gravel Company for $430.09. At the time.of the execution of the assignment and subrogation, the plaintiff bank paid the claimant $17.38. This amount, however, represented the balance due on a prior shipment of material of a total value of $117.3S, on which $100 had been paid. But no assignment or subrogation was taken of this claim. The assignment and subrogation sued on was taken solely on the claim of the Victory Gravel Company for $430.09, which claim, however, had been paid long prior to the execution of the instrument.
 

 
 *692
 
 The plaintiff bank complains of the failure of the court below to award it judgment on the claim of John McAllister for $100 and on the three claims of Josh Needham, for $110, $100, and $150, respectively. But plaiútiff failed to establish the validity of these claims with reasonable certainty. Hence the court below did not err in refusing to award plaintiff judgment thereon. We think, however, the judgment should have been one of nonsuit and not one rejecting entirely plaintiff’s demand.
 

 For the reasons assigned, the judgment appealed from is annulled, and plaintiff’s demand is rejected, except as to the four claims of John McAllister and Josh Needham, aggregating $460, as to which claims plaintiff’s demand is dismissed as in case of nonsuit; all costs of this suit to be paid by plaintiff.