No. 4281

Second Circuit

BROOK-MAYS & CO. v. ALFRED

(March 16, 1932. Opinion and Decree.)
(April 5, 1932. Rehearing Refused.)

Argued before DREW, McGREGOR and PALMER, JJ.

Wilson & Abramson, of Shreveport, attorneys for plaintiff, appellant.

J. F. Phillips, of Shreveport, attorney for defendant, appellee.

DREW, J. Plaintiff, Brook-Mays & Company, filed suit against Glen Alfred for rent in the amount of $451.18, claiming a lessor's lien and privilege on the property in the leased premises, and had issued a writ of provisional seizure.

The amount of rent due is admitted, otherwise, the allegations of plaintiff's petition are denied. Defendant contends that he is not the owner of "Milburne's Studio," the business that occupied the space for which the rent is alleged to be due, and denies that he entered into the contract of lease sued upon or was a party to it. His contention is that the business belonged to his son, Milburne Alfred, and that he is responsible for the rent.

On trial of the case in the lower court, there was judgment for defendant, rejecting the demands of plaintiff as of non-suit and plaintiff has prosecuted this appeal. Defendant has not appealed or answered the appeal, and, in brief, asks that the judgment of the lower court be affirmed.

The testimony offered in the case is very vague, indefinite and uncertain. There is no doubt about the amount of rent that is due plaintiff and that someone owes this amount to him. However, the evidence is not sufficient to justify the judgment against the defendant, Glen Alfred, on any theory advanced by plaintiff. It was, no doubt, upon this theory that the lower court rejected the demands of plaintiff as of non-suit. We think the judgment is correct.

It may be that plaintiff can produce sufficient evidence to show that the defendant herein is responsible for the rent—if not, it can sue whoever is responsible.

In an application to reopen the case in the lower court, plaintiff alleged it had discovered new evidence showing the incorporation of the Milburne Studio, with Glen Alfred as president. The lower court

refused to reopen the case and we are not asked to remand it for that purpose. However, the application alleged the incorporation to have taken place long after the time when the contract for rent was made on December 1, 1930, and we fail to see what bearing it could have on the case. Without a discussion of the testimony in detail, we are convinced that it is not sufficient to award judgment for plaintiff against defendant, and as defendant has failed to answer the appeal or to appeal, we are without authority to do anything other than affirm the judgment of the lower court.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.