## ELMWOOD LAND DEVELOPMENT CO., Inc., v. VERRET LANDS, Inc., et al. *
## No. 14857.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellant (in Appellate Court only).

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellees.

LECHE, Judge.

The Elmwood Land Development Company, Inc., filed this suit against the Verret Lands, Inc., the succession of William Winans Wall, and Frank G. Brown, alleging that the first-named defendant was the owner of a certain tract of land fronting on the Behrman highway, which was built by the Louisiana highway commission under an agreement whereby the property owners were to pay a portion of the construction cost; that the property so owned by the Verret Lands, Inc., measured 1,202-foot front on the highway, which, at a cost of $1.577 per front foot to the property owners, made their portion of the cost $1,847.-47; that plaintiff advanced and paid to the Louisiana highway commission the said sum of $1,847.47, representing the portion of the construction cost by reason of said frontage, and that the Verret Lands, Inc., has had the use and benefit of the said highway and had assumed the debts of the former owners of the property. Plaintiff further averred that the said land now owned by the Verret Lands, Inc., was formerly owned by William Winans Wall and Frank G. Brown, and that by verbal agreement, confirmed by letter, these defendants agreed to dedicate a right of way and to contribute to the cost of construction of the Behrman highway, and that, in conformance with this agreement, William Winans Wall actually paid plaintiff a portion of the said cost, or the sum of $640.50, leaving a balance due of $1,341.27, for which amount a judgment is prayed for against these defendants.

Frank G. Brown was never cited, but the other two defendants filed an answer amounting to a general denial. Judgment was rendered in favor of defendants, dismissing plaintiff's suit, and it has appealed.

Plaintiff concedes that it has not established its case with sufficient certainty to warrant a judgment in its favor, but contends that it is entitled to and asks for a judgment of nonsuit. The defendants resist on the

ground that such a judgment would be futile, as it is impossible for plaintiff to make out a case, and that more than one year has elapsed since the death of William Winans Wall, and plaintiff would be barred by section 1 of Act No. 11 of 1926 from proving his liability.

While the record in this case does not establish the claim of plaintiff with certainty, and although there is some confusion and some of the documents offered in evidence appear to have been lost, we are convinced that plaintiff did pay to the Louisiana highway commission the sum of $1,847.47. The record further shows that plaintiff was reimbursed by William Winans Wall the sum of $640.50. It is certain that the Behrman highway was constructed under some kind of an agreement with the property owners, and it appears that plaintiff did spend its money on behalf of somebody. In the case of Brook-Mays & Co. v. Alfred, 19 La. App. 549, 140 So. 166, the court said:

"The testimony offered in the case is very vague, indefinite, and uncertain. There is no doubt about the amount of rent that is due plaintiff and that some one owes this amount to him. However, the evidence is not sufficient to justify the judgment against the defendant, Glen Alfred, on any theory advanced by plaintiff. It was, no doubt, upon this theory that the lower court rejected the demands of plaintiff as of nonsuit. We think the judgment is correct.

"It may be that plaintiff can produce sufficient evidence to show that the defendant herein is responsible for the rent; if not, it can sue whoever is responsible."

Justice Rogers, in Bank of Bienville v. Fidelity & Deposit Co. of Maryland, 172 La. 687, 135 So. 26, 27, said in his opinion: "The plaintiff bank complains of the failure of the court below to award it judgment on the claim of John McAllister for $100 and on the three claims of Josh Needham, for $110, $100, and $150, respectively. But plaintiff failed to establish the validity of these claims with reasonable certainty. Hence the court below did not err in refusing to award plaintiff judgment thereon. We think, however, the judgment should have been one of nonsuit and not one rejecting entirely plaintiff's demand."

The situation in this case is similar to the two cases above cited. The ends of justice would be served by giving plaintiff the opportunity, in a proper suit and against the proper parties, to make out its claim.

It is immaterial here whether or not section 1 of Act No. 11 of 1926 would prevent plaintiff from establishing its claim against the succession of William Winans Wall, inasmuch as there are other defendants involved, and plaintiff would not necessarily have to recover from the succession of Wall.

In nonsuiting plaintiff, we cannot permit it to escape the costs in a proceeding which it inadvertently brought, or in which it failed to establish its claim, as defendants cannot be made to suffer by reason of this.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and plaintiff's demand is dismissed as in case of nonsuit, all costs of this suit to be paid by plaintiff.

Reversed.

Judgment of nonsuit.