GLADNEY, Judge.
The defendant executed a special mortgage on his home in LaSalle Parish and in the act of mortgage specially waived his homestead rights. The mortgage, evidenced by a $2,000 note, was foreclosed and the property bid in for $1,769 by plaintiff, the holder and owner of the note. Prior to disbursement by the sheriff of the proceeds of the sale, Dave Coleman filed a petition of intervention and opposed plaintiff’s claim asserting he was entitled to the proceeds to the extent of a judgment owned by him which was recorded in the mortgage records of LaSalle Parish prior to the recordation of plaintiff’s special mortgage. Finley also appeared in answer to claim his right to any money from the sale price up to $4,000 subject, however, to his indebtedness on the mortgage note.
The matter was tried upon a rule upon the sheriff to show cause why plaintiff should not receive the proceeds from the sale as a credit upon the mortgage note. Upon the issues so presented the rule was tried and resulted' in a judgment which recognized the homestead, its waiver in favor of plaintiff, and directed the sheriff to pay to plaintiff the proceeds received from the sale of his property under the writ of executory process with preference and priority over Dave C. Coleman, the intervenor.
From the judgment Coleman has appealed, and in brief before this court contends that the judgment from which appealed is in error, for the reason that the evidence does not show Anderson gave any valid consideration for the note, and that the evidence discloses Finley had abandoned his homestead at the time of seizure and, therefore, had no interest in the distribution of the proceeds of the sale by the sheriff.
Vercie Finley testified without contradiction that the mortgage was executed by him to secure an antecedent debt for $2,000 and further, except for some temporary absences which never lasted more than two or three months, that he, a married man with a family, lived upon the property described in the mortgage from the year 1947 until the time of trial.
Entitlement to homestead exemption is granted by Article XI of the Louisiana Constitution and Article 645 of the Code of Practice, wherein there is exempted from seizure and sale a bona fide homestead owned by the debtor and occupied by him not exceeding one hundred sixty acres, which, together with other movable or personal property, is affected by the exemption to a total value of not more than $4,000. The exemption was formerly limited to $2,000. This constitutional article also permits a waiver of the homestead but provides, inter alia, that if the head of the house is married and not separated from bed and board from the other spouse, the waiver shall not be effective unless signed by the latter.
In Brantley v. Pruitt, 1932, 175 La. 879, 144 So. 604, 605, 606, the Supreme Court observed:
“As early as the 40th La. Ann., Denis v. Gayle (40 La.Ann. 286, 4 So. *847 3), this court laid down four indispensable conditions for a debtor to combine in himself in order to claim exemption of property as a homestead, viz.:
“(a) He must be the bona fide owner of the land;
“(b) He must occupy the premises as a residence;
“(c) He must have a family or person or persons dependent on him for support;
“(d) And the property must not exceed in value $2,000.”
It is likewise true that abandonment of a homestead will not be presumed and the burden of showing abandonment is upon the creditor so asserting. St. Mary Bank & Trust Co. v. Daigle, 1911, 128 La. 758, 55 So. 345; Hardesty v. Warner, 1912, 130 La. 735, 58 So. 527; First Nat. Bank of Crowley v. Brooks, 1927, 164 La. 297, 113 So. 853; Minden Hardware & Furniture Co., Inc. v. Smith, 1928, 165 La. 98, 115 So. 381; Smith v. Marino, 1947, La.App., 28 So.2d 780, rehearing denied 29 So.2d 390.
The affirmative uncontradicted testimony of Finley warrants our holding there was a bona fide homestead. It is also conclusively shown the special mortgage in favor of Anderson was supported by consideration' — the pre-existing debt— to which Finley testified.
Appellant concedes in brief, if the mortgage was supported by consideration, and if defendant was entitled to the homestead exemption, the proceeds from the sale of the property should be paid to plaintiff. It is, of course, recognized by our jurisprudence that a mortgagee in whose favor a waiver of homestead has been made, takes precedence over a prior mortgagee whose act contains no waiver of the homestead exemption. Hardesty v. Warner, 1912, 130 La. 735, 58 So. 527; Bank of Erath v. Broussard, 1926, 161 La. 657, 109 So. 347.
It follows from our findings there is no manifest error in the judgment from which appealed. Accordingly, it is hereby affirmed at appellant’s cost.