McBRIDE, Judge.
On the afternoon of November 6, 1953, the automobile trucks of plaintiff and defendant, respectively, were traveling from the west bank to the east bank of the Mississippi River on the Huey P. Long Bridge, and during the process of a passing maneuver defendant’s truck struck plaintiff’s vehicle. Plaintiff sues for the amount of his damage which he alleges to be $298 and recovered judgment therefor; defendant has appealed.
We agree with the conclusion of the trial judge that the accident occurred as a result of the negligence of the employee of defendant who was operating his. truck. Plaintiff’s driver testified that he-was driving to the extreme right of .the proper traffic lane and that .defendant’s-driver sounded his horn as a signal to pass,, and that in attempting to do so the body of defendant’s truck collided with the left rear corner of plaintiff’s vehicle. In this-statement plaintiff’s driver is supported by-a man who was riding with him as a passenger.
On the other hand, defendant’s employee explains the accident thus:
“Q. You blew? A. Yes, and then I pulled over. As I was passing him, he pulled out on me again and that is-when I blew at him. When I blew .at him, that is when I hit him.”
Taking what defendant’s driver said at its face value, this would show there was. negligence on his part as it clearly appears he should have refrained from endeavoring to pass the other truck when it “pulled out on me.”
But the judgment cannot be allowed to stand as plaintiff has not proved the amount of his damages. He attempted to show his loss by producing an auto mechanic who examined the truck and made a written estimate of the amount which would be required for repairs; however, the examination was made and the estimate given on December 16, 1954, which was more than thirteen months after the damages originated, and, of course, this evidence cannot serve as the foundation for a judgment. It was not necessary that plaintiff have his truck repaired as a predicate for recovering his damages, but his recovery is to be measured by the amount necessary to repair the truck and place it in the same condition as it was, such amount to be reckoned as of the date of *409 the accident or some reasonable time thereafter. There may have been material changes in the cost of labor and parts in the thirteen months’ interval between the date of the accident and the estimate. Moreover, the vehicle undoubtedly sustained substantial depreciation with the passage of time. It was a 1948 model.
Perhaps plaintiff will be able to supply the necessary evidence to make his case certain, and under these circumstances the entry of a nonsuit is proper. Bank of Bienville v. Fidelity & Deposit Co. of Maryland, 172 La. 687, 135 So. 26.
For the assigned reasons, the judgment appealed' from is reversed and plaintiff’s suit is dismissed at his cost as in the case of nonsuit.
Reversed.