LOTTINGER, Judge.
The trial Judge rendered written reasons for judgment which we herewith set forth in full:
“The property of the defendants was sold by executory process under a mortgage containing a waiver of homestead, for the sum of Fourteen Thousand Dollars ($14,000.00). The first mortgage, under which the seizure and sale was. made, has been paid in full in the sum of Eight Thousand Three Hundred' One and 65/100 Dollars ($8,301.65) with interest and attorney’s fees, as well as a sewerage lien, and there remains in the hands of the Sheriff the sum of Three Thousand Eight Hundred Ninety Four and 86/100 Dollars (3,-894.86) to be applied toward the payment of other creditors listed in the-certificate of mortgages.
“The said certificate shows the following judgments and mortgages due and owing as follows:
“(1) A judgment in favor of D. H. Holmes Co., Ltd. in the sum of $158.62, with interest and costs
*367 “(2) A conventional mortgage in favor of E-Z Finance plan of Houma, Inc. in the sum of $2,-640.00, with attorneys fees and costs; which mortgage contains a waiver of homestead.
“(3) A judgment in favor of Dr. Earl Fernandez in the sum of $86.42, with interest and costs.
“(4) A judgment in favor of Isaac W. Sharp, Jr. in the sum of $600.00 with interest and costs.
“(5) A conventional mortgage in favor of Charles Collins in the sum of $1,055.84 with interest, attorneys fees and costs; which mortgage contains a waiver of homestead.
“(6) A judgment in favor of Taxman’s Ladies, Inc. in the sum of $183.68 with interest and costs.
“(7) A judgment in favor of Robert A. Eschete in the sum of $129.-00 with interest and costs.
“The holders of the conventional mortgages listed hereinabove as (2) and (5), alleging themselves to be preferred creditors by virtue of their mortgages with homestead waivers, have ruled the judgment creditors into Court to show cause why the mortgage creditors should not be paid by preference over the judgment creditors. Their contention is that the waiver of homestead gives them a preference over other creditors. The effect of such contention is that there can be as many homestead exemptions and waivers as there are conventional mortgages, or, to put it another way, that there can be more than one homestead exemption.
“In support of their contention they cite Glenn vs. Bresnan [123 La. 1014], 49 So. 690, and Anderson vs. Finley [La.App.], 84 So.2d 845, which hold that
•“ ‘It is, of course, recognized by our jurisprudence that a mortgagee in whose favor a waiver of homestead has been made, takes precedence over a prior mortgage whose act contains no waiver of the homestead exemption.’
“The Glenn vs. Bresnan case holds that the holder of the first mortgage without waiver of homestead acquired no rights against the homestead, but only as to the surplus over and above the amount of the homestead; and that the holder of the second mortgage with waiver of homestead primed the first mortgage up to the value of the homestead. That case has no relevancy or application to the facts of this case, for the reason that only the homestead fund was referred to.
“The facts of the Anderson vs. Finley case are that there was a judicial mortgage recorded first and then a conventional mortgage with homestead waiver, that there was a foreclosure under the conventional mortgage, and that the sale price was less than the amount of the homestead exemption. The holding of the Court was that the claim of the holder of the mortgage with homestead waiver primed that of the holder of the judicial mortgage. While the language of the holding is broad, it is our view that the language of the Court applies to the particular’ facts in that case, but that it has no relevancy or application in the instant case, for the reason that only the homestead fund was dealt with.
“A conventional mortgage has no inherent priority over a judicial mortgage. The judicial mortgage is that resulting from judgments (whether these be rendered on contested cases or by default or whether they be final or provisional) in favor of the person obtaining them. LSA-CC 3321. The judicial mortgage takes effect from the *368 day that judgment is recorded. LSA-CC 3222.
“The judicial mortgage may be enforced against all the immovables which the debtor actually owns or may subsequently acquire. LSA-CC 3328. Among creditors, the mortgage, whether conventional, legal or judicial, has force only from the time of recording. LSA-CC 3329.
“Thus, when a creditor obtains a judgment and places it to record in the mortgage office,, it becomes a judicial mortgage and remains upon all real property owned by the debtor at that time, whether exempt or not, priming all subsequent judicial or conventional encumbrances which might attach. Schexnailder vs. Fontenot, 147 La. 467, 85 So. 207, 1920.
“Louisiana Constitution 1921, Article 11, Section 1, provides that there shall be exempt from seizure the homestead owned by a debtor to the total value of not more than Four Thousand Dollars ($4,000.00). If the homestead exceeds this sum, it may be sold and the excess only subjected to the claims of creditors. Section 3 of this article,.however, provides a manner in which a person may voluntarily waive his homestead rights in favor of certain creditors. It is, of course, recognized by our jurisprudence that a mortgagee, in whose favor a waiver of homestead has been made, takes precedence over a prior mortgagee whose act contains no waiver of the homestead exemption, as appears above. Hardesty v. Warner, 1921, 130 La. 735, 58 So. 527; Bank of Erath v. Broussard, 1926, 161 La. 657, 109 So. 347; Anderson v. Finley, 2 C.A. [La.App.], 84 So.2d 845, 1956. But such precedence takes place only up to the amount of the homestead exemption, as is shown hereinafter in the Bank of Erath v. Broussard [161 La. 657], 109 So. 347.
“The latter case covers precisely the factual situation that we find in this proceeding. In the Bank of Erath case, there were certain judgments and mortgages recorded against the defendant as follows:
“(1) Certain judicial mortgages recorded prior to December, 1916, and aggregating something in excess of $40.00.
“(2) Mortgage to F. B. Collins Inv. Co., in the principal sum of $1,-500.00, recorded December 26, 1916, and containing a homestead waiver.
“(3) Mortgage held by Bank of Erath, in the principal sum of $1,500.00, recorded November 27, 1929, and containing no homestead waiver. (This is the mortgage foreclosed upon.)
“(4) Mortgage to Ove Broussard, in the principal sum of $2,800.00, recorded February 28, 1921, and containing a homestead waiver.
“The Bank of Erath foreclosed under its mortgage listed as (3). The defendant intervened and claimed his homestead exemption, which was then in the sum of Two Thousand Dollars ($2,000.00), contending that in the event the property should bring more than enough to pay the mortgages of Collins and Ove Broussard (both of which contained homestead waivers), then that he be paid the excess up to Two Thousand Dollars ($2,000.00), the amount of his homestead exemption, in preference to the remaining mortgage creditors, none of whom enjoyed a homestead waiver. The property was sold for Five Thousand Five hundred Dollars ($5,500.00). The ruling of the Supreme Court was as follows:
“ ‘We are unable to grant defendant the relief for which he asks. The mortgages in favor of the F. B. Col *369 lins Investment Company and Ove Broussard, which contain the homestead waivers, far exceed $2,000, the amount that the Constitution permits the debtor to claim out of the proceeds of the sale of his homestead by virtue of the exemption accorded it. The only way in which defendant could obtain any relief at all, in view of the waivers made by him, would be by the unwarranted procedure of so manipulating the mortgages as to throw prior mortgages which enjoy no homestead waiver, but which attach to and are susceptible of being executed against that part of the proceeds of the sale of the property in excess of the $2,000 exemption, upon that exemption for payment, by requiring subsequent mortgages that enjoy homestead waivers to be paid first out of said excess, and then by enforcing the homestead exemption against those mortgages which enjoy no homestead waiver. Such a procedure would take away from prior mortgages which enjoy no homestead waiver their right to be paid out of such excess in preference to subsequent mortgages which enjoy such waivers, and hence could not be tolerated for a moment.
“ ‘Thus, to illustrate, the property brought $5,500.00. This, exclusive of the costs of sale, gives a fund for distribution of $3,500.00 in excess of the homestead exemption of $2,000. The first, in point of recordation, of the mortgages involved in this litigation are the two small judicial mortgages aggregating, including interest and attorneys’ fees, approximately $40. They enjoy no homestead waiver, but are payable out of the excess of $3,500, and, as they were recorded before the remaining mortgages were, they prime, as to that excess, those mortgages, but are not payable out of the homestead exemption, for they enjoy no homestead waiver. The next mortgage recorded against the property is the F. B. Collins Investment Company mortgage, which, omitting interest and attorneys’ fees for the sake of convenience, is for $1,500. This mortgage enjoys a homestead waiver, and is therefore payable out of the entire fund of $5,500. If defendant could force the payment of the Collins Investment Company mortgages out of the excess, in preference to the small judicial mortgages, mentioned above, this would leave, say, for purposes of illustration, $2,000 of that excess. The next mortgage that was recorded is the one that is being foreclosed herein, and is for $1,500, exclusive of interest and attorneys’ fees. This mortgage enjoys no homestead waiver, but is payable, in accordance with its rank, out of the fun in excess of the homestead exemption, though, of course, not out of that exemption. The next mortgage is the Ove Broussard mortgage, which, exclusive of interest and attorneys’ fees, is for $2,000. This mortgage was the last one recorded. It enjoys, as stated, a homestead waiver, duly executed, and hence is payable in accordance, with its rank, out of the entire fund of $5,500. If defendant could force the payment of this mortgage out of said excess in preference to the judicial mortgages mentioned above, and in preference to the mortgage under foreclosure herein, then there would remain of said excess, after the payment of the F. B. Collins Investment Company mortgage, the sum of, say, for purposes of illustration, $2,000 to be applied on said mortgage. This would not be sufficient to satisfy it, and Ove Brous-sard, the holder of the mortgage, would have to take advantage of his homestead waiver and look to the $2,000 exemption claimed by defendant for payment of the balance. This would materially encroach upon that *370 exemption, but would leave, say, $1,-200.00 of that fund, with the judicial mortgages and the mortgage that is being foreclosed, which aggregate, exclusive of interest and attorney’s fees on the latter, $1,540, unpaid. ■ Since there would be no other fund than the balance of the exemption out of which these judicial mortgages and the mortgage that is being foreclosed could be paid, defendant could then plead his exemption against them. However, it is sufficient to observe that a resort of this method cannot be had to save any part of defendant’s homestead claim, for the reason that the method involves the taking away from the judicial mortgages mentioned, and from the mortgage that is being foreclosed herein, their rank, or right to be paid by priority, because of their prior recordation, out of said excess. If these mortgages are paid ■ in accordance with their rank out of said excess, which they should be, it is manifest that, in order to pay the Ove Broussard mortgage, which enjoys a homestead exemption, and which was the last mortgage recorded, not only the balance of the excess, but all of the homestead fund, will be exhausted. In fact, there will not be enough to pay that mortgage in full. It is clear, therefore, that defendant, because of the waivers made by him, has no homestead exemption left to assert.’
* * 5}C * # *
“Accordingly, it is ordered that the Sheriff distribute the balance on hand in the order indicated.’’
Appellant has called to our attention the case of Harvey vs. Thomas, 239 La. 510, 119 So.2d 446, decided by the Supreme Court in 1960, the holding 'which they contend puts a different interpretation on the Bank of Erath case cited by the Trial Judge and entitles them to the relief prayed for. In the Harvey case, the property was seized under a judgment in favor of the plaintiff Harvey, who purchased same at public sale for $18,000.00 cash. Prior to the sale the defendant had intervened, asserting that the property seized was his homestead and that, as such, he was entitled to be paid $4,000.00 out of the proceeds of the sale. After all costs and a first and second mortgage had been paid out of the $18,000.00, the Sheriff instituted a concursus proceeding citing all claimants including the judgment debtor who was claiming his homestead exemption. As pointed out by the Court, at the very beginning of the opinion, the primary issue was “whether appellant Nolan Thomas is entitled to be paid, by virtue of his homestead exemption, the full sum of $4,000 from the proceeds of the sheriff’s sale”.
It will readily be seen that the facts in the Harvey case are very different from those presented in the instant case. Here, the debtor has made no appearance and there is consequently no question whatever as to what his rights are with respect to a homestead exemption. The right to claim a homestead exemption is personal to the home owner. The case at bar is purely a contest between creditors, two of which are trying to prime the remainder as the result of the execution by the debtor of a homestead waiver. The Harvey case recognizes that Article 3329 of our LSA-Civil Code provides that among creditors, mortgages, either conventional, legal or judicial, take rank in the order in which they are recorded. Bank of Erath vs. Broussard, 161 La. 657, 109 So. 347.
In view of the above, it is clear that the Harvey case does not stand for the proposition for which it is cited, and, being a contest among creditors, they are ranked purely in order of recordation. Thus, the ruling of the Trial Court was correct and is hereby affirmed.
Judgment affirmed.