GONZALES, Judge.
This is an appeal from an executory process suit filed by a mortgage creditor, Acadian Bank, to foreclose upon the home of defendants Alcide and Marcia Foret. The Forets waived their homestead exemption on the property in favor of Acadian Bank. Prior to the institution of mortgage foreclosure proceedings by Acadian Bank, Terry Oncale sued the Forets and obtained a money judgment against them in the amount of $32,500 plus interest, attorney’s fees and costs. This judgment was recorded prior to the recordation of the Acadian Bank mortgage. After the executory process suit was filed, and prior to the judicial sale by the sheriff, the Forets filed *1098 an answer[1] in this suit requesting recognition of their homestead exemption and requesting that the first $15,000 from the sheriffs sale proceeds be paid to them. The trial court rendered judgment granting Acadian Bank, by virtue of the homestead waiver, the right to collect the first $15,000 of the sale proceeds. The Forets are appealing that judgment, arguing that the $15,000 homestead exemption should go to them, rather than Acadian Bank.
The Forets argues that “the trial court erroneously construed a waiver of the homestead exemption contained in a mortgage to be an assignment or transfer of the right to claim the homestead exemption.” They argue that “[i]t is well understood in legal circles what the specific purpose of a waiver of homestead exemption is: It is that the debtor agrees not to assert the exemption against that creditor.” They further argue that because Terry On-cale ranks as the first creditor, above the seizing creditor, Acadian Bank, the homestead exemption amount of $15,000 should be deducted from the sale proceeds and given to them before Oncale’s judgment is satisfied.
Louisiana Revised Statute 20:1 provides in part:
The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned, and occupied by any person, is exempt from seizure and sale under any writ, mandate or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to fifteen thousand dollars in value of a homestead....
Section D of this statute provides:
The right to sell voluntarily any property that is exempt as a homestead shall be preserved; but no sale shall destroy or impair any rights of creditors thereon. Any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof; provided, that if the person is married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter; and all such waivers shall be recorded in the mortgage records of the parish where the homestead is situated. The waiver may be either general or special, and shall have effect from the time of recording.
The law is clear that, although mortgages must be paid according to their rank, mortgages without a homestead waiver cannot encroach upon the homestead exemption. However, the holder of a mortgage superior in rank which does not contain a homestead waiver has the right to be paid out of the excess of the proceeds above the homestead exemption in preference to subsequent mortgages which enjoy a homestead waiver (emphasis added). Harvey v. Thomas, 239 La. 510, 119 So.2d 446, 448 (1960); Bank of Erath v. Broussard, 161 La. 657, 109 So. 347, 348 (1926). It follows that the amount of the homestead exemption is therefore reserved from the sale proceeds for the homeowner, or in his stead, the highest ranking mortgagor whose mortgage contains a waiver of the homestead exemption. See Bank of Erath v. Broussard, 109 So. 347 and Harvey v. Thomas, 119 So.2d 446.
In Harvey, as in the case sub judice, after seizure of the property but before public sale, the judgment debtor intervened alleging that because the property seized was his homestead, he was entitled to be paid the homestead exemption amount out of the proceeds of the sale. In Harvey, there were two judgments against the property to which the homestead exemp *1099 tion did not apply, federal income tax liens and a judgment for materials sold for building, repairing, or improving the homestead. These two claims were ranked lower than the claim of the seizing creditor and other judicial and conventional mortgages which did not have a homestead waiver. After these two claims were deducted from the amount of the homestead exemption, the judgment debtor received the remaining balance of the homestead exemption. In the case sub judice, the claim against the homestead exemption is a waiver of the entire exemption in favor of Acadian Bank, therefore the entire amount of the homestead exemption, $15,000, goes to satisfy that claim.
There is no provision in the law to allow the debtor to defeat the waiver of the homestead exemption simply because the creditor with the homestead exemption waiver ranks below a higher ranking creditor which has no homestead waiver. This argument has no merit.
Costs are to be borne by appellants, the Forets.
AFFIRMED.

. The Forets filed an "Intervention of Defendant” asserting their right to be paid the $15,000 homestead exemption. Under La.C.C.P. art. 1091, a third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action. Under La.C.C.P. art. 1005, if a party has mistakenly designated an affirmative defense as an incidental demand, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.