McCLENDON, J.,
dissenting.
hThe majority states because “Mrs. Hua paid off an existing mortgage with Wells Fargo, [presumably the Wells Fargo mortgage contained a waiver of the homestead exemption.” I find this to be an error given that the record lacks said documentation. Nevertheless, even assuming that the mortgage documents contained a waiver, a creditor that does not have a homestead waiver cannot encroach upon the homestead exemption merely because the mortgage holder has a waiver. See Acadian Bank v. Foret, 602 So.2d 1097, 1098 (La.App. 1 Cir.1992). In other words, the waiver would only waive the homestead exemption in favor of Wells Fargo, but not in favor of other creditors, including the plaintiff.
The majority alternatively concludes, without citing any legal authority, that voluntarily paying off the mortgage, Mrs. Hua “effectively waived” the homestead exemption. I note, however, that voluntary sale of the home and payment of the mortgage does not equate to an automatic waiver of the homestead exemption. See In Re McCollum, 363 B.R. 789, 794 (E.D.La.2007) (“[T]he court finds no error in the bankruptcy’s court’s conclusion that a Chapter 13 debtor may claim the Louisiana homestead exemption for the first $25,000.00 in proceeds from his voluntary, post-petition sale of his home.”)
Therefore, I respectfully dissent.